SAMANIEGO v. BROWNELL et al.
No. 14722.

United States Court of Appeals
Fifth Circuit.

May 6, 1954.

892

John Noyola, Laredo, Tex., for appellant.

J. Lev Hunt, Asst. U. S. Atty., Brian S. Odem, U. S. Atty., Houston, Tex., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal is from a final judgment dismissing appellant's petition for the writ of habeas corpus by which he sought to be admitted to the United States for the limited purpose of prosecuting his claim to United States citizenship. The district court, following its decision in Avina v. Brownell, D.C., 112 F.Supp. 15, dismissed the petition as being prematurely filed.

The allegations of the petition, taken as being true for present purposes, show that appellant was born in Webb County, Texas, in 1923. When he was six months old his parents moved with him to the Republic of Mexico where he resided until he re-entered the United States in 1946. In 1951 he was taken into custody and deported. On February 23, 1951, he applied for re-entry to the United States, but, on a finding that appellant had forfeited his United States citizenship by voting in a political election in a foreign state, he was denied admission by a Board of Special Inquiry. The decision of that Board was affirmed by the Board of Immigration Appeals. Appellant did actually vote in a political election while in Mexico, but he was compelled to do so by force and did not vote of his own free will.

The only question for decision is whether under these facts appellant is entitled to the issuance of the writ of habeas corpus "requiring the respondents to

permit petitioner, under his own recognizance, to enter and remain in the United States and advise with counsel, until his said claim to United States citizenship is finally and judicially determined by the Courts of the United States of America," as prayed for in the petition.

Such relief was available to appellant under section 503 of the Nationality Act of 1940 [1] by the application for an issuance of a "certificate of identity" in the manner prescribed by the statute, and not in habeas corpus proceedings. Under the provisions of that statute, which was in effect at the time appellant applied for admission to the United States, any person within the United States or abroad who was denied a claimed right or privilege by an agency of the United States on the ground that he was not a national of this country was entitled to institute judicial proceedings against the head of such agency for a declaration of his United States nationality. If such person was outside the United States and had instituted such an action, he was eligible for admission to the United States to prosecute the action upon presentation of a certificate of identity.

The Nationality Act of 1940 was repealed, effective December 24, 1952, by the Immigration and Nationality Act of June 27, 1952.[2] Under section 360(b) of the latter Act, 8 U.S.C.A. § 1503(b),[3] any such person who is outside the United States is required to secure a certificate of identity for the purpose of traveling to a port of entry in the United States and applying for entry. He must then apply for admission to the United States subject to all of the provisions of the Act relating to the conduct of proceedings involving aliens seeking admission to this country. A final determination by the Attorney General that such person is not entitled to admission is subject to review by any court of competent jurisdiction in habeas corpus proceedings and not otherwise. 8 U.S.C.A. § 1503(c).

Appellant contends that since he has exhausted his administrative remedies under the repealed statute he should not be prejudiced by the change of law which took effect prior to the institution of this proceeding.[4] He argues that not only would it be a vain and useless thing for him to again exhaust his administrative remedies under the new statute, but his right to proceed under the 1940 Act was preserved to him by the savings clause of the 1952 Act.[5] He contends further that, if he is required to again exhaust his administrative remedies, the 1952 Act is unconstitutional for reasons stated. In a supplemental brief filed with this court, appellant, seemingly abandoning his prior contentions and arguments,

1. 54 Stat. 1171, former section 903, Title 8, U.S.C.

2. 66 Stat. 166, 8 U.S.C.A. § 1101 et seq.

3. This subsection is applicable only to persons who at some time prior to making application for a certificate of identity have been physically present in the United States, or to a person under sixteen years of age who was born abroad of a United States citizen parent.

4. As we have stated, appellant was denied admission to this country on February 23, 1951. This petition was not filed until almost two years later, on February 3, 1953. The 1952 Act, although enacted on June 27, 1952, did not become effective until December 24, 1952. The only reason appellant gives for failing to institute judicial proceedings earlier is his poverty,

although he is now proceeding in forma pauperis.

5. Section 405(a), 8 U.S.C.A. § 1101 note. "Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed * * * to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes (sic), conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by his Act are, unless otherwise specifically provided therein, hereby continued in force and effect."

894

urges that he is not proceeding at all under the immigration statutes, but relies wholly upon his constitutional guaranty that the writ of habeas corpus shall not be suspended.

The underlying fallacy of all of appellant's arguments is that he has not exhausted his administrative remedies under either Act. In this action he seeks merely to be permitted to enter the United States to prosecute his claim that he is a national of this country. Under the pertinent provisions of the Nationality Act of 1940 appellant had a right to do this only after he first filed a suit for declaratory judgment and secured a certificate of identity. He has not done this; therefore, we are not called upon to determine whether his right to so proceed was saved by the savings clause of the 1952 Act. To do so at this time would be to anticipate the issue which may be raised in a proper proceeding. He admittedly has not complied with the administrative prerequisites of the 1952 Act, and does not claim that he is entitled to the benefits of that Act. The object of appellant's efforts, and the effect of his argument, is to wed a portion of the administrative remedies of the repealed statute to the judicial remedies of the new statute and thereby proceed in part under the old and in part under the new. We find no authority to support such hybrid procedure and no reason occurs to us why it should be sustained.

The contention that appellant has a constitutional right to proceed by petition for the writ of habeas corpus notwithstanding his failure to comply with administrative and statutory judicial remedies is wholly without merit. Habeas corpus is an extraordinary writ and it may not be suspended, except under circumstances not present here. There is authority for the proposition that a person who is refused admission to the United States by a legally constituted administrative tribunal despite his claim of citizenship, is not entitled as of right to a judicial review of the determination of that tribunal by habeas corpus proceedings. United States ex rel. Medeiros v. Watkins, 2 Cir., 166 F.2d 897, 899, and cases cited. However, we do not rest our decision upon that proposition. Where, as here, Congress has provided a method, administrative or judicial, by which appellant may challenge the legality of his detention, or exclusion, and such method or procedure is not tantamount to a suspension of the writ of habeas corpus, this remedy must be exhausted before resort may be had to the extraordinary writ. United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917; Florentine v. Landon, 9 Cir., 206 F.2d 870.

The judgment is

Affirmed.