## NATIONAL LABOR RELATIONS BOARD, Applicant,

### v.

## Stanley GEMALO, Respondent.

United States District Court
S. D. New York.

Feb. 25, 1955.

Joseph A. Butler, New York City, for N. L. R. B.

Samuel J. Cohen, New York City, for respondent, Stanley Gemalo.

NOONAN, District Judge.

The applicant has moved by order to show cause for an order requiring the respondent to obey and comply with a certain subpoena ad testificandum. The respondent asserts that, in the absence of a duly appointed General Counsel to the Board, the Board is without authority to prosecute the complaint which had been issued.

The applicant alleges first that the respondent is barred from pressing his objections by virtue of the lapse of a five-

day period during which a party not planning to obey a subpoena is required to act.

A careful reading of Section 11(1) of the National Labor Relations Act as amended, 29 U.S.C.A. § 151 et seq., and Section 102.31(b) of the Board's Rules and Regulations, together with the surrounding phraseology, discloses, in the opinion of this court, that the five-day limitation was intended to apply to subpoenas duces tecum calling for the production of documentary evidence rather than subpoenas ad testificandum not calling for such production.

Accordingly, the respondent is not barred by the lapse of the five-day period.

Turning now to the merits of the claim, viz., the vacancy in the office of General Counsel, it would appear that this is a case of first impression. The applicant asserts that this is not such a case because of the earlier decision in this circuit: Bonwit Teller, Inc., v. N. L. R. B., 2 Cir., 1952, 197 F.2d 640, certiorari denied 1953, 345 U.S. 905, 73 S.Ct. 644, 97 L.Ed. 1342.

An examination of the record on appeal in the Bonwit Teller case reveals, however, that the latter case is slightly different in its background; there the General Counsel had resigned after the hearing already was under way. As the court said in that case, 197 F.2d at page 644: "Before his resignation the General Counsel had delegated to his representative at the hearing authority to prosecute the complaint." Furthermore, Bonwit Teller had continued with the hearing after the resignation of the General Counsel and had made no objection until the conclusion of the hearing, whereas in the instant case the resignation took place, and the objection was made, before the hearing commenced.

The logic of the Bonwit Teller case, however, since the court based that portion of its decision on the delegation of authority by the General Counsel, is extendable to the case at bar. Once the complaint has been filed, the rest of the prosecution thereof stems from that filing and that prosecution is expected to be performed by lower echelons of the General Counsel's staff. The delegation of authority referred to by the court in the Bonwit Teller case is by virtue of the same sort of procedural rules and regulations that exist in the present case. In fact, had there been a specific delegation by the General Counsel rather than the general promulgation of rules and regulations governing the whole administrative organization, that specific delegation would be more likely to become invalid upon the resignation of the General Counsel than the present general delegation of powers.

This court is of the opinion that, once a complaint has been filed while a General Counsel is in office, that complaint may be prosecuted. Based on the reasoning of the court in the Bonwit Teller case, this court does not agree with the respondent's contention that the attorney acting for the General Counsel in requesting the subpoena and in seeking its enforcement is in effect a "headless horseman".

For the foregoing reasons this court will grant the applicant's motion.

Submit an order requiring the respondent to comply with the subpoena.