## H. E. BEDENBAUGH
### v.
## NATIONAL SURETY CORPORATION.
### Civ. A. No. 4966.

United States District Court
N. D. Georgia, Atlanta Division.
March 25, 1955.

Young H. Fraser and Wm. S. Shelfer, Atlanta, Ga., for plaintiff.

Harry S. McCowen, Atlanta, Ga., for defendant.

SLOAN, District Judge.

Alleging that the defendant is surety on the bond of a United States Marshal, plaintiff here sues to recover the value of certain coin operated gambling devices which plaintiff contends were illegally seized by Special Agents of the Federal Bureau of Investigation and delivered to Edward B. Doyle as United States Marshal for the Middle District of Georgia and by said Doyle destroyed. Plaintiff alleges that the value of said machines is $31,100 but avers that he is limited in his right to recover to the amount of the bond which is $20,000.

Defendant denies that the machines had a value in excess of $3,000, but admits the other allegations as to jurisdiction.

Defendant admits that the described gambling devices were seized by agents of the Federal Bureau of Investigation and turned over to Edward B. Doyle as United States Marshal and that same were destroyed by said Marshal, but defendant contends that said machines were stored and appraised, having an appraised value of less than $1,000 and

that after proper notice the same were forfeited and destroyed in accordance with instructions from the Administrative Assistant to the Attorney General. The defendant further asserts that plaintiff failed to pursue his administrative remedies and filed no claim pursuant to notice and that said machines were contraband and of no value.

There has been filed in this Court an agreed statement of facts and such agreed statement is by reference made the findings of fact in this case. However, in order to illustrate the rulings hereinafter made, certain portions of such agreed statement are briefly stated as follows:

On November 29, 1951, Special Agents of the Federal Bureau of Investigation, seized the gambling devices here involved under Public Law 906, 81st Congress, Title 15, U.S.C.A. §§ 1171–1177, both inclusive which said Act became effective January 2, 1951, and known as the Johnson Act, and delivered the devices to Edward B. Doyle, United States Marshal for the Middle District of Georgia. Marshal Doyle after receiving said gambling devices obtained an appraisal of said machines pursuant to Section 1606 of Title 19, United States Code Annotated, and said machines were appraised at from 25¢ to 50¢ each on the basis of their junk value, less than $1,000 total value. Thereafter Marshal Doyle proceeded to condemn said gambling devices under Title 19 U.S.C.A. § 1605 et seq. Marshal Doyle caused a notice of such seizure to be published in accordance with the requirements of the law and followed the procedure provided by that law in every respect and no claim was filed by any party. The machines were declared forfeited to the United States and thereafter Marshal Doyle, in his capacity as United States Marshal, by the direction of the Attorney General of the United States, destroyed said gambling devices.

Marshal Doyle died and after his death, and on August 17, 1954, this suit upon the Marshal's bond was filed.

## Conclusions of Law

This Court is of the opinion that there is merit in the contention of the defendant that since the gambling devices are contraband, monetary recovery for their destruction, either could not be had, or would be limited to the junk value. This would appear to be true because the measure of recovery would be the fair market value of the machines at the time of their destruction.

While the machines were not contraband under federal law, they were under state law, and federal law forbids their removal from the State. In determining the value of the devices the state law is not to be ignored. See Dayton & Michigan R. Co. v. C. I. R., 4 Cir., 112 F.2d 627, 630.

Likewise this Court is impressed with the position of the defendant that the Marshal having acted at the direction of the Attorney General of the United States, in the performance of a ministerial duty, in the absence of a showing of bad faith, would not be liable. See Title 28 U.S.C. § 547(c); 67 C.J.S., Officers, § 126, p. 419.

However, neither of these questions need be decided.

The controlling question here is whether the failure of plaintiff to pursue his administrative remedy is a bar to this action. This Court is of the opinion that plaintiff by failing to pursue his administrative remedy is barred from maintaining this action.

It is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Constantin v. Martin, 10 Cir., 216 F.2d 312, 317.

Here the plaintiff made no attempt to pursue his administrative remedy provided by the statute, Tariff Act 1930, §§ 605–609, Title 19 U.S.C.A. §§ 1605–1609, but stood by and suffered the

**110**

property to be condemned and destroyed and only after the death of the Marshal does he seek to recover damages for the alleged wrongful destruction of the gambling devices. This he may not do. See Rice v. Walls, 6 Cir., 213 F.2d 693 and Morgan v. United States, 6 Cir., 107 F. Supp. 501.

A judgment for defendant may be prepared and presented.