**H. E. BEDENBAUGH, Appellant,**

v.

**NATIONAL SURETY CORPORATION,**
**Appellee.**

**No. 15579.**

United States Court of Appeals
Fifth Circuit.

Nov. 9, 1955.

Wm. S. Shelfer, Young H. Fraser, Atlanta, Ga., for appellant.

Harry S. McCowen, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

BORAH, Circuit Judge.

H. E. Bedenbaugh brought suit in the United States District Court for the Northern District of Georgia against the National Surety Corporation the surety on a faithful performance bond of a United States Marshal.[1] There was a judgment in favor of defendant, 130 F. Supp. 108, and Bedenbaugh has appealed.

The case was tried below on stipulated facts and to the extent that they need here be stated, the material facts are these: On November 29, 1951, certain coin operated gambling devices owned by the appellant, a resident of Albany, Georgia, were seized by special agents of the Federal Bureau of Investigation under the Johnson Act, 15 U.S.C.A. §§ 1171–1177, and the same were delivered to Edward B. Doyle, United States Marshal for the Middle District of Georgia. After receiving the devices, the marshal obtained a merchandise appraisal under and pursuant to 19 U.S.C. § 1606,[2] to the

---

1. 28 U.S.C. § 544 provides: "(a) Each United States marshal * * * shall give a bond in the sum of $20,000 for the faithful performance of duty by himself and his deputies * * *. (c) Any person injured by a breach of a United States marshal's bond may sue thereon, in his own name, to recover his damages. * * *"

The bond provides: " * * * if the said Edward B. Doyle, by himself and his deputies shall faithfully perform all the duties of the said office of Marshal, Middle District of Georgia, then this obligation to be void; otherwise to remain in full force and virtue."

2. 15 U.S.C.A. § 1177 incorporates the following provision of the Tariff Act of 1930, 19 U.S.C.A. § 1606: "The collector shall require the appraiser to determine the domestic value, at the time and place of appraisement, of any vessel, vehicle, merchandise, or baggage seized under the customs laws."

15 U.S.C.A. § 1177 authorizes the Attorney General of the United States to designate the officer who shall perform the duties of the collector under 19 U.S. C.A. § 1606 with respect to merchandise seized under the Johnson Act.

28 U.S.C. § 547(c) provides that: "The Attorney General shall supervise and direct marshals in the performance of public duties * * *."

effect that said merchandise did not exceed $1,000 value, and accordingly and in compliance with his duty, the marshal caused a notice of seizure and the intention to forfeit such articles to be advertised in accordance with the customs laws in the Albany Herald, Albany, Georgia; and no claimant appearing, stating his interest therein, the machines were declared forfeited to the United States and were destroyed by Doyle in his capacity as United States marshal, and by direction of the Attorney General of the United States. It was stipulated that the devices had not been shipped in interstate commerce since the effective date of the Johnson Act, which to the extent here pertinent, condemns the interstate transportation of gambling devices. However, the record does not suggest that the marshal had any knowledge of this circumstance.

The District Court was impressed with the surety's contention that the marshal had acted at the direction of the Attorney General in the performance of a ministerial duty, but rested its decision on the ground that the failure of Bedenbaugh to pursue and exhaust his administrative remedy constituted a bar to this action. 19 U.S.C.A. § 1608.[3]

■ We agree with the District Court. Cf. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; First National Bank of Greeley v. Board of Com'rs of Weld County, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784. We also think that no showing was made that the marshal was unfaithful in the performance of his duties and had thus breached the condition of his bond. To the contrary, the evidence clearly

shows that he faithfully performed the duties of his office in that he acted in strict conformity with statutory authority and in obedience to the directions of his superior, the Attorney General, who in turn was commanded by statute to direct and supervise the duties of the marshal with respect to seizures and forfeitures of gambling devices. 15 U.S.C.A. § 1177. See United States v. Warfield, 4 Cir., 170 F. 43, 24 L.R.A.,N.S., 312.

The judgment of the District Court is therefore

Affirmed.

---

3. 19 U.S.C.A. § 1608 provides: *"Any person claiming such * * * merchandise * * * may at any time within twenty days from the date of the first publication of the notice of seizure file with the collector a claim stating his interest therein.* Upon the filing of such claim, and the giving of a bond to the United States in the penal sum of $250, with sureties to be approved by the collector, conditioned that in case of condemnation of the articles so claimed the obligor shall pay all the costs and expenses of the proceedings to obtain such condemnation, the collector shall transmit such claim and bond, with a duplicate list and description of the articles seized, to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law." (Italics ours.)