effect that said merchandise did not exceed $1,000 value, and accordingly and in compliance with his duty, the marshal caused a notice of seizure and the intention to forfeit such articles to be advertised in accordance with the customs laws in the Albany Herald, Albany, Georgia; and no claimant appearing, stating his interest therein, the machines were declared forfeited to the United States and were destroyed by Doyle in his capacity as United States marshal, and by direction of the Attorney General of the United States. It was stipulated that the devices had not been shipped in interstate commerce since the effective date of the Johnson Act, which to the extent here pertinent, condemns the interstate transportation of gambling devices. However, the record does not suggest that the marshal had any knowledge of this circumstance.

The District Court was impressed with the surety's contention that the marshal had acted at the direction of the Attorney General in the performance of a ministerial duty, but rested its decision on the ground that the failure of Bedenbaugh to pursue and exhaust his administrative remedy constituted a bar to this action. 19 U.S.C.A. § 1608.[3]

■ We agree with the District Court. Cf. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; First National Bank of Greeley v. Board of Com'rs of Weld County, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784. We also think that no showing was made that the marshal was unfaithful in the performance of his duties and had thus breached the condition of his bond. To the contrary, the evidence clearly

shows that he faithfully performed the duties of his office in that he acted in strict conformity with statutory authority and in obedience to the directions of his superior, the Attorney General, who in turn was commanded by statute to direct and supervise the duties of the marshal with respect to seizures and forfeitures of gambling devices. 15 U.S. C.A. § 1177. See United States v. Warfield, 4 Cir., 170 F. 43, 24 L.R.A.,N.S., 312.

The judgment of the District Court is therefore

Affirmed.

**W. C. HEWITT, Appellant,**

v.

**NATIONAL SURETY CORPORATION,**
Appellee.

No. 15580.

United States Court of Appeals
Fifth Circuit.

Nov. 9, 1955.

Wm. S. Shelfer, Young H. Fraser, Atlanta, Ga., for appellant.

Harry S. McCowen, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

3. 19 U.S.C.A. § 1608 provides: "*Any person claiming such * * * merchandise * * * may at any time within twenty days from the date of the first publication of the notice of seizure file with the collector a claim stating his interest therein.* Upon the filing of such claim, and the giving of a bond to the United States in the penal sum of $250, with sureties to be approved by the collector, conditioned that in case of condemnation of the articles so claimed the obligor shall pay all the costs and expenses of the proceedings to obtain such condemnation, the collector shall transmit such claim and bond, with a duplicate list and description of the articles seized, to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law." (Italics ours.)

BORAH, Circuit Judge.

This is a companion case to Bedenbaugh v. National Surety Corp., 5 Cir., 227 F.2d 102, and for the reasons therein stated, the judgment of the District Court, 130 F.Supp. 110, is

Affirmed.

**Nicholas R. JANNEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7088.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1955.

Decided Nov. 9, 1955.

Nicholas R. Janney, pro se, on brief.

Theodore D. Stoney, Asst. U. S. Atty., Charleston, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM.

This is an appeal from denial of a motion under 28 U.S.C. § 2255 to vacate and set aside a judgment and sentence of imprisonment. Appellant was charged under a three count indictment with violation of the motor vehicle theft act and with conspiracy to violate that act. The first count of the indictment charged transportation, the second count concealment and the third count conspiracy. To represent appellant, the record shows that the court designated counsel, and that on April 26, 1954, appellant entered a plea of guilty to the second count of the indictment and of not guilty to the first and third counts, and the case was continued for trial on the latter counts. There is nothing to show that the attorney appointed to represent appellant had any conflicting interest or that he did not represent appellant properly. On May 12 appellant, who was confined in jail, asked that he be sentenced on the second count of the indictment, to which he had pleaded guilty, so that he could be transferred from the jail to the penitentiary. He was given a sentence of three and a half years on this count and entered upon the service of his sentence. In December 1954, he was brought back to court and was tried upon