HORTEX MANUFACTURING COMPA-
NY, Inc., Richard Arnold, Concha Ta-
rango, Leonare Cortez and Yolanda Ma-
cias, Appellants,

v.

NATIONAL LABOR RELATIONS
BOARD, Appellee.

No. 23354.

United States Court of Appeals
Fifth Circuit.

Aug. 1, 1966.

James F. Hulse, El Paso, Tex., John
Edward Price, Fort Worth, Tex., Scott,
Hulse, Marshall & Feuille, El Paso, Tex.,
Price & Nelson, Fort Worth, Tex., for ap-
pellants.

Marcel Mallet-Prevost, Asst. Gen.
Counsel, N.L.R.B., Michael M. Sohn,
Atty., N.L.R.B., Washington, D. C.,
Arnold Ordman, Gen. Counsel, Dominick
L. Manoli, Associate Gen. Counsel, Solo-
mon I. Hirsh, Attys., N.L.R.B., for appel-
lee.

Before TUTTLE, Chief Judge, RIVES,
Circuit Judge, and CHOATE, Senior Dis-
trict Judge.

CHOATE, Senior District Judge.

This appeal is from the order of a dis-
trict court requiring obedience by appel-
ants, Hortex Manufacturing Company,
Inc., and certain of its supervisory em-
ployees, to five subpenas issued under
the National Labor Relations Act § 11(1),
29 U.S.C. § 161(1). Only technical pro-
cedural errors are involved.

Charges of unfair labor practices were
filed with the NLRB on June 14, 1965,
against appellant-Hortex. The regional
director began a pre-complaint investiga-
tion as to the merits of the charge, dur-
ing the course of which the subpenas
were issued. In November of 1965, Hor-
tex filed with the regional director a
motion to revoke the subpenas, pursuant
to Board regulations. 29 C.F.R. § 102.31.
Although the regulations required the
regional director to forward such a peti-
tion to the Board for ruling, he decided
the matter himself, denying the motion.
Appellants refused to comply with the
subpenas and on November 18, 1965, the

NLRB filed an application in the district court for an order requiring obedience and the district court granted the motion on January 10, 1966. An appeal of the order directing obedience was instituted, and this court, upon motion filed, granted appellant a stay of the district court's order pending appeal. Thereafter, the regional director concluded that the motion to revoke the subpenas should have been passed upon by the Board directly, rather than by himself. He then forwarded the motion to the Board in Washington, D. C., which denied it on March 9, 1966.

Both parties agree that the Board has power to issue pre-complaint subpenas, that the records sought are relevant, and that the subpenas were otherwise substantially proper.

The issue before this court is whether the district court properly required appellants to obey the subpenas before the Board passed on Hortex's motion to revoke.

Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, contemplates Board action on a motion to revoke a subpena before the jurisdiction of a district court, with its underlying contempt sanction, be invoked in an enforcement proceeding. The pertinent regulation of the National Labor Relations Board, 29 C.F.R. § 102.31(b), provides for Board ruling prior to the institution of proceedings in a district court. It was therefore incumbent upon the court below to refuse to hear the application for an order requiring obedience to the subpena, which was premature until the administrative procedure had been exhausted.

However, the Board, did act, though belatedly, and its ruling was consistent with the order of the district court, which was proper except procedurally. The error has been rendered harmless; and the order of the court below is therefore affirmed.