**Ernest Lawrence HICKMAN**

v.

**D. M. OWENS et al.**

**Civ. A. No. 14732.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 4, 1971.

Horace E. Hill, Daytona Beach, Fla., for plaintiff.

W. M. Mathews, Jr., Atlanta, Ga., for defendants.

### ORDER

O'KELLEY, District Judge.

This petition for injunctive relief came on to be heard upon the pleadings, testimony of witnesses, introduction of evidence and statements by counsel in open court. Jurisdiction is predicated upon diversity of citizenship. The A. M.E. Church is a Pennsylvania corporation which has minimum contacts with Georgia through its property holdings, Morris Brown College, Ministers and Officers traveling into Georgia, and its Presiding Bishop. The amount in controversy exceeds $10,000 for the reason

that petitioner's contract rights are involved. His annual salary exceeds $10,-000.

The defendants have filed a Motion to Dismiss on the ground, *inter alia*, that plaintiff has not exhausted his remedies within the laws of the church.

Petitioner requested relief upon the ground that he expects to be tried by an ecclesiastical trial court of the African Methodist Episcopal Church, of which he is a Bishop, upon the charges of misfeasance or malfeasance in his office as Bishop. He alleges that this Court has the power to prevent said trial if it finds that he has been denied his administrative remedies to which he is entitled under procedural guidelines set forth in the A.M.E. Discipline (1968 Ed.), which was admitted into evidence as Exhibit 1.

The Court finds from the testimony of the witnesses, from the pleadings facially, and from the A.M.E. Discipline that petitioner has the right to appeal any conviction by the ecclesiastical trial committee to the Judicial Council and then to the General Conference. A.M.E. Discipline, p. 425.

Testimony elicited and statements of counsel reflect that petitioner has not been tried before any ecclesiastical body, but charges are pending at this point.

The Court finds that petitioner has not exhausted his administrative remedies within the A.M.E. Church. Notwithstanding his allegations that there has not been strict adherence to the requisite procedures outlined in the A.M.E. Discipline, the Court considers the right to appeal within the structure of the Church a remedy which he must exhaust before he may turn to the civil courts. Petitioner is not entitled to judicial relief for supposed or threatened injury until prescribed administrative remedies have been exhausted. Bedenbaugh v. National Sur. Corp., D.C., Ga., 1955, 130 F.Supp. 108.

Because of the hazards of free development of religious doctrine and of implicating secular interests in matters of purely ecclesiastical concern, the First Amendment enjoins the employment of organs of government for essentially religious purposes. Presbyterian Church in United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 1969, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658. If petitioner's trial is not conducted according to the mechanics set forth in the Discipline, or if he does not receive a full, fair, and impartial hearing and if he is surprised or prejudiced he would have a standing to contest the irregular mechanics of the procedure, Cf. LeDuc v. Normal Park Presbyterian Church, C.C.A. 7, 1944, 142 F.2d 105, though not the policy, discipline or usages of the organization. Evangelical Lutheran Synod of Kansas, etc. v. First English Lutheran Church, etc., D.C., Okl., 1943, 47 F.Supp. 954, reversed 10 Cir., 135 F.2d 701, cert. den. 320 U.S. 757, 64 S.Ct. 65, 88 L.Ed. 451.

The Court concludes that petitioner has not exhausted his administrative remedies and has not shown that the remedies are inadequate. Accordingly, the petition for injunctive relief is denied, and the Motion to Dismiss is granted.

It is so ordered this 4th day of March, 1971.