TAC AMUSEMENT COMPANY et al.

v.

John N. MITCHELL, Attorney General of the United States et al.

Joseph ANCONA, d/b/a Riverlands Amusement Company

v.

John N. MITCHELL, Attorney General of the United States et al.

Charles PACE, d/b/a Palace Amusement Company

v.

John N. MITCHELL, Attorney General of the United States et al.

LOUISIANA NATIONAL BANK OF BATON ROUGE and Southern Fleet Leasing Corporation

v.

John N. MITCHELL, Attorney General of the United States et al.

JEFFERSON MUSIC COMPANY, Inc.

v.

John N. MITCHELL, Attorney General of the United States et al.

Guy C. CHIVLEATTO, d/b/a Guy's Amusement Co. and Central Music Co., Inc.

v.

John N. MITCHELL, Attorney General of the United States et al.

Application of Edmund C. KRAMER, d/b/a Kramer Amusement Company, For injunction and return of Property Illegally Seized

v.

UNITED STATES of America.

Civ. A. Nos. 71–75, 71–133, 71–337, 71–351, 71–618, 71–685 and 70–3323.

United States District Court, E. D. Louisiana, New Orleans Division.

June 24, 1971.

Louis C. LaCour, LaCour & Palmisano, New Orleans, La., for TAC Amusement Co., and others.

Benjamin E. Smith, Smith & Scheuermann, New Orleans, La., for Joseph Ancona.

Louis A. DiRosa, DiRosa and Johnson, New Orleans, La., for Charles Pace.

Leopold Stahl, Stahl & Sear, New Orleans, La., for Louisiana Nat. Bank of Baton Rouge and Southern Fleet Leasing Corp.

George S. Hesni, New Orleans, La., for Jefferson Music Co., Inc.

Hilary J. Gaudin, New Orleans, La., for Guy C. Chivleatto.

Virgil M. Wheeler, Jr., Sehrt, Boyle, Wheeler & Butler, New Orleans, La., for Edmund C. Kramer.

James D. Carriere, Asst. U. S. Atty., New Orleans, La., for defendants.

Before AINSWORTH, Circuit Judge, and CHRISTENBERRY and CASSIBRY, District Judges.

PER CURIAM:

The plaintiffs in these consolidated cases are claimants of certain "pinball" machines seized by F.B.I. agents for alleged failure of their owners to register with the Attorney General as required by 15 U.S.C. § 1173, part of the Gambling Devices Act of 1962, 15 U.S.C. §§ 1171–78. Plaintiffs seek to enjoin enforcement of the Gambling Devices Act on the ground that it is unconstitutional on its face or alternatively, as applied to them. This three-judge court was convened to consider plaintiffs' constitutional attack on the Act.

All of the consolidated cases involve essentially the same broadside constitutional attack on the Gambling Devices

Act. The seizures were made under the authority of 15 U.S.C. § 1177, which provides for the forfeiture of the seized devices in accordance with the seizure and forfeiture provisions of the customs law, 19 U.S.C. §§ 1607–10. Specifically, plaintiffs contend the Gambling Devices Act is unconstitutional because it is overly broad and vague, denies substantive and procedural due process, exceeds the constitutional authority of Congress to regulate interstate commerce, invades the police power of the state to control purely local or intrastate activities, lacks a provision for a prior judicial determination before seizure, and has been applied and used to deprive plaintiffs of their liberty and property in disregard of Congressional intent. Plaintiffs also assert various defenses to the seizures, such as that they fully complied with the registration requirements of the Act, and that their "pinball" machines are not "gambling devices" within the meaning of the Act. A declaratory judgment on the constitutionality of the Act is sought in addition to injunctive relief.

■ There is a line of cases under the Gambling Devices Act which hold that claimants of seized machines are not entitled to injunctive relief unless they have first exhausted the administrative remedies provided in the Act. The courts have consistently held that claimants can, and must, present their defenses and constitutional attacks on the statute in the judicial forfeiture proceeding after they have posted bond in accordance with the statute. Morgan v. United States, 107 F.Supp. 501 (W.D. Ky.1952); Rice v. Walls, 213 F.2d 693 (6th Cir.1954); Hewitt v. National Surety Corp., 130 F.Supp. 110 (N.D.Ga. 1955); Putch v. United States (W.D. La.1970) [No. 16265, December 18, 1970]; Old Five Crown Social Club, Inc. v. Mitchell (E.D.La.1971) [No. 70–239, March 4, 1971]; cf. Bedenbaugh v. National Surety Corp., 227 F.2d 102 (5th Cir. 1955).

■ Since plaintiffs have admittedly not pursued their administrative reme-

dies, there appears to be ample authority for this Court to dismiss their complaints for failure to exhaust available administrative procedures. But the plaintiffs, apparently with a premonition of such a result, have further alleged that the administrative procedures provided in the Act do not give them an adequate remedy and deny them due process of law. Thus, plaintiffs argue, they should not be made to pursue a remedy which is inadequate and, even worse, unconstitutional. The reasoning which plaintiffs advance in support of their argument is as follows.

The machines involved here were seized from numerous locations. Each location represents a separate seizure. Because the seizures at many locations consisted of only a single machine, the value of each such seizure is less than $2,500. Under 19 U.S.C. §§ 1607–08, when the value of the seized property is less than $2,500, a claimant has twenty days from the date of the first publication of the notice of seizure to post a $250 surety bond in order to require the government to file a judicial forfeiture against the property. As an example, TAC Amusement Company, the plaintiff with the largest number of machines, shows that it would be required to post a $250 bond for each of 217 different locations or seizures, or a total bond of $54,250. In addition, TAC also complains that it would be required to defend 217 different lawsuits after the bond was posted. Plaintiffs contend that such multiple bonding requirements and multiplicity of lawsuits are so oppressive and burdensome as to effectively preclude pursuit of their administrative remedies.

Plaintiffs have failed to make any factual showing to support their contention that the administrative procedures available to them are so inadequate or oppressive as to excuse their failure to exhaust those remedies. TAC Amusement Company claims machines seized at 217 locations. Its bond would be in the amount of $54,250. Lucky Coin Com-

pany, another plaintiff, claims machines seized from 89 locations, requiring a bond of $22,250. Charles Pace claims machines seized from 64 locations, requiring a bond of $16,000. Jefferson Music Company's machines were seized from 47 locations, which means its bond would be set at $11,750. The remaining plaintiffs each claim machines seized at less than 20 different locations. None of these plaintiffs would have to post a bond higher than $4,750. Not a single plaintiff has alleged or shown any facts as to why or how the required bond would be oppressive, or that they are financially unable to post such bond. We have no more than the mere conclusory allegations that the multiple bonds are burdensome and would preclude plaintiffs from pursuing their administrative remedies. Moreover, plaintiffs overstate the onus of the bond requirement. For example, TAC is not required to post $54,250 *cash*, but rather a *surety bond* in the amount of $54,250. Furthermore, plaintiffs can seek remission or mitigation of the bond requirements through administrative channels, 19 U.S.C. § 1618.

In response to plaintiffs' complaint of having to defend multiple lawsuits after the bonds are posted, the simple answer is that the Federal Rules of Civil Procedure and the Local Rules of this Court provide ample means for handling such problems, if and when they arise.

Finally, we take cognizance of the "serious drain upon the federal judicial system" which a three-judge court entails. Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1951). Plaintiffs in this case have an adequate remedy in the administrative procedures provided in the Gambling Devices Act, and should be made to pursue and exhaust those procedures.

For the foregoing reasons, the complaints for preliminary and permanent injunction will be dismissed. Counsel for the defendants will prepare and submit a formal judgment of dismissal.