**A. B. FORT, d/b/a Fairway Amusement Company, et al., Plaintiffs,**

v.

**John N. MITCHELL et al., Defendants.**

**WALLACE AMUSEMENT COMPANY, Inc., Plaintiff,**

v.

**John N. MITCHELL et al., Defendants.**

**Nos. EC 7121–S, EC 7170–S.**

United States District Court,
N. D. Mississippi, E. D.

Oct. 20, 1971.

J. Tyson Graham, Hunter M. Gholson, of Burgin, Gholson, Hicks & Nichols, Columbus, Miss., for plaintiffs.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., Michael P. Carnes, Sp. Atty., Dept. of Justice, New Orleans, La., for defendants.

Before COLEMAN, Circuit Judge, and KEADY and SMITH, District Judges.

PER CURIAM:

The plaintiffs in the above entitled and numbered actions, consolidated for trial by the requesting judge, are claimants of certain "pinball" machines seized by agents of the Federal Bureau of Investigation (F.B.I.). The machines were seized by F.B.I. agents because of the alleged failure of their owners, plaintiffs A. B. Fort (Fort) and Wallace Amusement Company, Inc. (Wallace), to register with the Attorney General of the United States, as required by 15 U. S.C.A. § 1173(a) (3), a part of the Gambling Devices Act of 1962 (Act).

The Fort machines were seized at eight different locations in the Northern District of Mississippi, and the same is true to the machines owned by Wallace.

The machines were seized pursuant to the authority contained in 15 U.S.C.A. § 1177. This section of the Act provides for the forfeiture of the seized devices in accordance with the seizure and forfeiture provisions of the custom laws of the United States, 19 U.S.C.A. §§ 1607–1610.

Proceeding as authorized by the custom laws, after seizure of the machines, defendant Attorney General had the machines appraised for their domestic value.[1]

With regard to those machines having an appraised value not in excess of $2,500, agents of the Attorney General published notice, as required by the custom laws,[2] of the seizure of the machines and the intention to forfeit or otherwise dispose of them according to law. Plaintiffs timely filed claims and posted bonds to interrupt the administrative forfeiture. Accordingly, judicial forfeiture proceedings were instituted. The actions are now pending in this court.

With regard to such of the machines as were appraised at a value greater than $2,500, judicial forfeiture proceedings for the condemnation of the machines have been filed and are now pending in this court.[3]

The complaints involved in these consolidated actions involve identical facts and seek the same relief. Plaintiffs seek declaratory judgments in each action that the Act is unconstitutional on

---

1. 19 U.S.C.A. § 1606.
   "The collector shall require the appraiser to determine the domestic value, at the time and place of the appraisement, of any vessel, vehicle, merchandise, or baggage seized under the customs laws."

2. 19 U.S.C.A. § 1607.
   "If such value of such vessel, vehicle, merchandise, or baggage returned by the appraiser does not exceed $2,500, the collector shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary

of the Treasury may direct. For the purposes of this section and sections 1610 and 1612 of this title merchandise the importation of which is prohibited shall be held not to exceed $2,500 in value."

3. 19 U.S.C.A. § 1610.
   "If the value returned by the appraiser of any vessel, vehicle, merchandise, or baggage so seized is greater than $2,500, the collector shall transmit a report of the case, with the names of available witnesses, to the United States attorney for the district in which the seizure was made for the institution of the proper proceedings for the condemnation of such property."

its face, or, alternatively, the Act is unconstitutional as applied to plaintiffs. This three-Judge District Court was convened to consider plaintiffs' constitutional attack on the Act.

It is proper that we determine initially whether this three-Judge District Court should assume jurisdiction and determine the constitutional issues presented by the complaints.

The facts involved in these actions, as hereinbefore set forth, show without dispute that plaintiffs have an adequate remedy in the administrative procedures provided in the Act.

■ In reaching a determination whether this court should assume jurisdiction and determine the issues presented by the complaints, we should recognize the "serious drain upon the federal judicial system" which a three-Judge District Court entails. Phillips v. United States, 312 U.S. 246, 250, 61 S.Ct. 480, 483, 85 L.Ed. 800, 804 (1941). See Jones v. Branigin, 433 F.2d 576, 577 (6 Cir. 1970).

In Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969) the court said:

"We have long held that congressional enactments providing for the convening of three-judge courts must be strictly construed. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941). Convening a three-judge court places a burden on our federal court system, and may often result in a delay in a matter of needing swift initial adjudication. See Swift & Co. v. Wickham, supra, [382 U.S. 111] at 128, [86 S.Ct. 258 at 267] 15 L.Ed.2d 194 at 205. Also, a direct appeal may be taken from a three-judge court to this Court, thus depriving us of the wise and often crucial adjudications of the courts of appeals. Thus we have been reluctant to extend the range of cases necessi-

tating the convening of three-judge courts." [4]

A three-Judge District Court for the Eastern District of Louisiana has recently considered the identical question presented by this case. There the court considered seven separate actions in a consolidated case. The court ruled contrary to the position taken by plaintiffs in the action sub judice.[5] There the court said in a per curiam opinion that:

"There is a line of cases under the Gambling Devices Act which hold that claimants of seized machines are not entitled to injunctive relief unless they have first exhausted the administrative remedies provided in the Act. The courts have consistently held that claimants can, and must, present their defenses and constitutional attacks on the statute in the judicial forfeiture proceeding after they have posted bond in accordance with the statute. Morgan v. United States, 107 F.Supp. 501 (W.D.Ky.1952); Rice v. Walls, 213 F.2d 693 (6th Cir. 1954); Hewitt v. National Surety Corp., 130 F.Supp. 110 (N.D.Ga.1955); Putch v. United States, F.Supp. (W.D.La.1970) [No. 16265, December 18, 1970]; Old Five Crown Social Club, Inc. v. Mitchell, F.Supp. (E.D.La.1971) [No. 70–239, March 4, 1971]; cf. Bedenbaugh v. National Surety Corp., 227 F.2d 102 5th Cir. 1955).

Since plaintiffs have admittedly not pursued their administrative remedies, there appears to be ample authority for this Court to dismiss their complaints for failure to exhaust available administrative procedures."

■ The authorities cited in the *TAC Amusement Company* case support the holding of the court that claimants of devices seized pursuant to the Gambling Devices Act are not entitled to declaratory or injunctive relief unless claimants first exhaust the administrative reme-

---

4. 393 U.S. at 561, 89 S.Ct. at 829, 22 L.Ed.2d at 15.

5. TAC Amusement Co. et al. v. John N. Mitchell, 330 F.Supp. 27 (E.D.La. Opinion dated June 24, 1971).

dies for which provisions are made in the Act. We agree with this conclusion.

■ Our holding in these cases comports with the generally accepted view that three-Judge District Courts were designed to secure the public interest in a limited class of cases of special importance. Jones v. Branigin, supra; Phillips v. United States, supra, and in cases such as the ones sub judice, the claimant must resort to all the administrative remedies available to him before seeking declaratory or injunctive relief in a three-Judge District Court.

■ The plaintiffs' contention that the Act is being applied to them in an unconstitutional manner presents an issue which does not require action by a three-Judge District Court. This issue can be heard and determined in the forfeiture proceedings now being pursued in this court.

In sum, we hold that plaintiffs should be required to pursue and exhaust the administrative remedies available to them under the Act.

Accordingly, the complaint in each of the actions sub judice for declaratory and/or injunctive relief will be dismissed.

Appropriate orders will be entered by the court.