**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff-Appellant,**

v.

**CUZZENS OF GEORGIA, INC., Defendant-Appellee.**

**No. 77–3147.**

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1979.

Lutz A. Prager, E. E. O. C., Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Leopoldo Fraga, Jr., Atty., Philip B. Sklover, Atty., E. E. O. C., Washington, D. C., for plaintiff-appellant.

J. Timothy White, J. Michael Lamberth, Atlanta, Ga., for defendant-appellee.

Before COLEMAN, Chief Judge, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

On January 22, 1975, Raymond A. Sneed, Jr. filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that his employer, Cuzzens of Georgia, Inc. (Cuzzens) had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–9. After Cuzzens refused to allow the EEOC to examine company documents connected with the charge, the EEOC issued a subpoena duces tecum for those documents. Cuzzens made no attempt administratively to modify or quash the subpoena. Upon application by the EEOC, the District Court ordered Cuzzens to show cause why the subpoena should not be enforced. The trial court then denied enforcement on the ground that the statute did not apply to Cuzzens.

The EEOC argues (1) that it, not the District Court, has the initial authority to determine whether an employer charged with violating Title VII is covered by that statute; (2) that Cuzzens' failure to exhaust administrative remedies precluded it from raising defenses to the subsequent judicial enforcement of the subpoena; and (3) that the District Court erred by applying the improper standards to determine whether there was statutory coverage. We reverse and remand.

In *New Orleans Public Service, Inc. v. Brown,* 5 Cir. 1975, 507 F.2d 160, where we reversed a trial court order denying enforcement of an EEOC subpoena, we stated, "[I]t is for the agency rather than a district court to determine in the first instance the question of the coverage in the course of the preliminary investigation into possible violations." *Id.* at 165. In the instant case denying enforcement of the subpoena hindered the EEOC's investigation of both the charge and the question of coverage.

▋ The EEOC provides an administrative remedy whereby Cuzzens could have sought to modify or quash the subpoena. This remedy incorporates the same procedure employed by the National Labor Relations Board. § 11(1) of the National Labor Relations Act, 29 U.S.C. 161(a). Under this procedure the person served with the subpoena may, within five days of service, challenge the subpoena by filing a petition for revocation. A procedure for appeals within the EEOC is also provided. An application for enforcement of a subpoena may not be heard in the District Court until after the person served has had the opportunity to exhaust this administrative remedy. *Hortex Manufacturing Co. v. NLRB,* 5 Cir. 1966, 364 F.2d 302.

▋ Generally, one who has neglected the exhaustion of available administrative remedies may not seek judicial relief. *See Samaniego v. Brownell,* 5 Cir. 1954, 212 F.2d 891, 894; *Bedenbaugh v. National Surety Corporation,* 5 Cir. 1955, 227 F.2d 102, 104; and III Davis, Administrative Law, § 20.08 (1958).

However, Cuzzens did not initiate judicial proceedings for modification or quashing the subpoena. The EEOC applied for enforcement of its subpoena and Cuzzens appeared in court only to raise defenses to the enforcement. In such a situation, however, we see no sound legal reason for a rule different from that applicable where the employer goes into court without having exhausted administrative remedies. No Fifth Circuit case directly on point has been discovered but there are two decisions pointing in this direction.

In *National Labor Relations Board v. Frederick Cowan and Company, Inc.,* 2 Cir. 1975, 522 F.2d 26, the NLRB appealed from a district court order denying enforcement of a subpoena duces tecum directed to a company employer. The denial was reversed. The Court of Appeals observed that

> The Company, which did not file a brief here but was represented at the oral argument of this appeal, disagrees with the interpretation by the Administrative Law Judge of the stipulation. However, the Company, as we have noted, made no such objection to the Board, did not participate in the representation hearing after the remand, never challenged the *Excelsior* list requirement in the decision and never sought by petition to revoke the subpoena in issue as provided by 29 U.S.C. § 161(1). There was, in sum, an utter abandonment here of normal agency procedures, which further convinces us that the action of the district court in reviewing the findings of the Administrative Law Judge was error.

*Id.* at 28.

In the second decision, *National Labor Relations Board v. Gemalo,* 130 F.Supp. 500 (S.D.N.Y.1955), the Court stated:

> The applicant alleges first that the respondent is barred from pressing his objections by virtue of the lapse of a five-day period during which a party not planning to obey a subpoena is required to act [by filing a petition for revocation].

A careful reading of Section 11(1) of the National Labor Relations Act as amended, 29 U.S.C.A. § 151 et seq., and Section 102.31(b) of the Board's Rules and Regulations, together with the surrounding phraseology, discloses, in the opinion of this court, that the five-day limitation was intended to apply to subpoenas duces tecum calling for the production of documentary evidence rather than subpoenas ad testificandum not calling for such production.

*Id.* at 500–501.

■ We hold, therefore, that an employer served with an EEOC subpoena and making no effort to exhaust the available administrative remedies may not thereafter challenge the subsequent judicial enforcement of that subpoena for any reason short of objections based on constitutional grounds.

What we hold here has reference only to the enforcement of the subpoena. We do not mean that Cuzzens is foreclosed from challenging Title VII coverage at any appropriate point in proceedings which may hereafter take place.

REVERSED and REMANDED.