**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 1, 2012
Decided January 11, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-1349

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *Petitioner-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:10-cv-07109 |
| AEROTEK, INC., *Respondent-Appellant*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

Before us is a case that involves an administrative subpoena that the Equal Employment Opportunity Commission ("EEOC") issued to Aerotek, Inc. ("Aerotek") in September 2009. The EEOC issued the subpoena during the course of an investigation of charges that Aerotek was allegedly discriminating against its employees on the basis of their national origin. Aerotek filed a petition requesting a "modification or revocation" of the subpoena, but the Commission issued a determination that Aerotek waived its right to object to the subpoena because its petition was submitted late under EEOC regulations. *See* 29 C.F.R. § 1601.16(b)(1). Even though the Commission denied the petition to revoke, it did permit a modification of two categories of information in its document requests, and Aerotek agreed to produce a limited, sample set of documents. But Aerotek continuously refused to comply with several of the remaining document requests, and so the EEOC began enforcement proceedings. Aerotek moved to dismiss the EEOC's application to enforce the subpoena, arguing that the Commission did not

have a sufficient quorum of members at the time its determination about Aerotek's petition was issued. The district court denied Aerotek's motion to dismiss and found that the Commission's determination was final and valid because it properly delegated its authority to the two remaining commissioners that considered Aerotek's petition. We need not reach the question of whether the Commission was validly constituted because the record shows that Aerotek failed to file a timely request for revocation or modification of the subpoena and the EEOC's regulations allow for it to proceed with its enforcement action. We affirm.

## I. BACKGROUND

Aerotek is a nationwide temporary staffing agency with seven facilities based in the Chicago metropolitan area. Aerotek's workforce includes primarily "contract" or "temporary" employees assigned to work for its various clients, as well as a smaller number of internal employees responsible for recruiting and managing the temporary employees placed with clients. Marco Rivera was hired by Aerotek in September 2005 as a Sourcing Specialist in the Schaumburg, Illinois office. He received a promotion to Recruiter in 2007, but was later demoted after he allegedly failed to meet the minimum gross revenue requirements for his position. Oscar Gutierrez was hired by Aerotek in April 2007 as a Recruiter Trainee in its Rockford, Illinois office. He was later promoted to Recruiter, but then transferred to the Schaumburg, Illinois office, where he continued to work until he resigned in March 2008. In May 2008, both Rivera and Gutierrez filed charges with the EEOC alleging that they were discriminated against on the basis of their national origin, wrongfully denied promotions, and constructively discharged.

Over the course of investigating the Rivera and Gutierrez charges, the EEOC learned of ten other pending charges filed against Aerotek by other employees. The other charges related to allegations of discrimination on the basis of race, national origin, gender, age, and disability, and involved employees who had worked in Aerotek's Schaumburg, Oak Brook, and Rosemont, Illinois locations. The EEOC investigator—who was tasked with investigating all twelve charges—learned that Aerotek allegedly required its recruiters to place contract employees in accordance with its clients' discriminatory preferences. The investigator also learned that certain temporary employees may have been paid less on the basis of their national origin.

On September 15, 2009, the EEOC issued Subpoena No. CH 09-322, the subject of this appeal, to Aerotek. The subpoena—which only references the two charges by Rivera and Gutierrez—requests seventeen categories of documents to be produced from six of Aerotek's facilities. This appeal only concerns seven of the seventeen requests. They seek a broad range of demographic information, including the name, race, national origin, sex, and date of birth of all internal and contract employees dating back to January 2006. The subpoena also seeks information about recruitment, selection, placement, and termination decisions by Aerotek and its clients.

According to the certificate of service, Aerotek received the subpoena on September 21, 2009, and Aerotek filed a Petition to Modify or Revoke the Subpoena pursuant to 29 C.F.R. § 1601.16(b) on September 29, 2009. Aerotek argued that the subpoena was overbroad, unduly burdensome, not relevant to the charges filed by Rivera and Gutierrez, and sought privileged information. In January 2010, the EEOC issued a determination on Aerotek's request to revoke or modify the subpoena, but only two members of the Commission considered the petition due to the departure of then Acting Vice Chair Christine M. Griffin. In its written determination, the two-member panel asserted at the outset that Aerotek waived its right to object to the subpoena because the objection was untimely under 29 C.F.R. § 1601.16(b)(1). The determination stated that EEOC regulations require respondents to file a petition within five business days after service of the subpoena at issue, and Aerotek's petition was filed one business day late. The Commission nevertheless addressed Aerotek's substantive objections to the subpoena and allowed for a modification of two categories of information. Aerotek later reached a temporary agreement with the local EEOC investigator to produce a limited sample of information and appears to have, in fact, produced almost 13,000 pages of documents in response to certain requests relating to the Schaumburg branch (where both Rivera and Gutierrez had worked), for the years 2007 and 2008.

But Aerotek allegedly continued to fail to comply with the EEOC's repeated requests for further information, and so the EEOC filed an application with the district court for an order to show cause why the subpoena should not be enforced for seven of the ten outstanding requests. In response, Aerotek filed a motion to dismiss on the ground that the EEOC had failed to follow its own statutory requirements. More specifically, Aerotek argued that Title VII requires three Commissioners for a quorum, but only two members considered its petition to revoke or modify the subpoena. The EEOC requested an oral argument and during the hearing, the EEOC acknowledged that the Commission only had two members when it issued its final determination on Aerotek's petition, but argued that the Commission had properly delegated its authority to the two remaining Commissioners. The district court agreed and found the lack of quorum did not affect the district court's jurisdiction. As for the merits of Aerotek's challenge to the subpoena, the district court rejected all of the arguments regarding relevance and overbreadth. The court concluded that the information requested from other facilities in Illinois might reasonably "cast light" on whether the alleged discrimination was isolated or part of a widespread pattern, the post-charge information provided an "essential context" to Aerotek's employment practices, and the information related to sex, race, and age were all relevant to the national origin charges filed by Rivera and Gutierrez. As a result, the district court enforced the subpoena, and this appeal followed.

## II.  ANALYSIS

The EEOC is an administrative agency tasked with enforcing Title VII and preventing unlawful employment practices. 42 U.S.C. § 2000e-5. Its investigatory authority is broad and includes the power to issue administrative subpoenas. *See* 29 C.F.R. § 1601.16(a). Any recipient

of an EEOC subpoena who does not intend to fully comply must petition "the issuing Director . . . to seek its revocation or modification." Such petitions must be mailed "within five business days . . . after service of the subpoena." 29 C.F.R. § 1601.16(b). If a party fails to file a petition for revocation or modification under § 1601.16(b), or otherwise refuses to comply with such a subpoena, then the EEOC may initiate proceedings to compel enforcement. § 1601.16(d). That is precisely what happened here.

The EEOC argues that Aerotek has waived its right to challenge the enforcement of the subpoena. We agree. The only evidence in the record offered by either party shows that the EEOC issued its subpoena on September 15, 2009 and that Aerotek submitted its petition to revoke or modify six business days later, on September 29, 2009. Because § 1601.16(b)(1) only permits petitions within five business days, the Commission determined that Aerotek's petition was late. Aerotek has provided no excuse for this procedural failing and a search of the record does not reveal one. Instead, Aerotek argues that the EEOC waived any argument about the timeliness of the petition by failing to raise the issue before the district court. But the EEOC explicitly noted the timeliness problem in its written response to the petition: "Failure to file a time petition results in a Respondent's waiver of all objections to a subpoena, except for objections based on constitutional grounds. . . . By filing a tardy petition to revoke or modify the Subpoena, Aerotek waived its objection." Aerotek never contested this finding in the district court.

We note that the record in this case is somewhat limited because neither party provided briefing to the court below once the EEOC requested an oral argument to review the enforcement of the subpoena. And though the parties apparently did not discuss the timeliness of the petition at the hearing before the district court, the EEOC's written determination is plainly part of the record, and both parties submitted the EEOC's letter to the district court. Aerotek continues to argue on appeal that the Commission's determination was invalid because the quorum requirement was not satisfied. But Aerotek cannot succeed on this claim when it failed to file a timely petition. Therefore, we conclude that Aerotek has waived its challenges to the subpoena, and since we can affirm on any basis in the record, *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459, (7th Cir. 2005), we save the issue of whether the EEOC may conduct its business without a three-member quorum for another day.

One final point bears mention. Aerotek maintains that failure to file a timely petition to revoke or modify a subpoena does not bar an employer from challenging a subsequent application by the EEOC to enforce its administrative subpoena. Aerotek cites two district court cases in support of this argument, *EEOC v. Aaron's Inc.*, 779 F. Supp. 2d 754 (N.D. Ill. 2011), and *EEOC v. Loyola Univ. Med. Ctr.*, 823 F. Supp. 2d 835 (N.D. Ill. 2011), neither of which is particularly instructive for the specific set of facts before us. In *Aaron's*, the court concluded that the employer did not forfeit the right to object to a document request because—unlike here—the employer had made *some* timely objections to the subpoena. 779 F. Supp. 2d at 757-58. In *Loyola*, the employer failed to file a petition under § 1601.16(b)(1) but the court declined to rule on this procedural shortcoming, in part because of the lack of any case law that discussed this issue under the Americans with Disabilities Act provision at issue. 823 F. Supp.

2d at 838. The court in that case did, however, point to two potentially conflicting circuit court decisions that examine whether an employer's failure to comply with § 1601.16(b)(1) precludes a later challenge to the enforcement of the subpoena in the Title VII context. *Compare EEOC v. Cuzzens of Georgia*, 608 F.2d 1062, 1064 (5th Cir. 1979) (holding that "an employer served with an EEOC subpoena and making no effort to exhaust the available administrative remedies may not thereafter challenge the subsequent judicial enforcement of that subpoena for any reason short of objections based on constitutional grounds") *with EEOC v. Lutheran Social Servs.*, 186 F.3d 959, 964 (D.C. Cir. 1999) (finding "no categorical bar" prevents courts from considering "the facts surrounding" an employer's failure to file a timely petition). But we do not find *Lutheran*—which explicitly acknowledged that it was limited to the "particular circumstances" of that case—compels us to allow Aerotek to challenge the subpoena here. For example, Lutheran's objection to the subpoena in that case rested on attorney-client and work product privileges, not relevance or particularity. 186 F.3d at 965 ("[W]here a subpoena recipient's objections rest on relevance or particularity . . . exhaustion is important because the EEOC possesses considerable expertise with respect to relevance and particularity, expertise to which we would comfortably defer. . . . [Whereas, expertise on the attorney-client and work produce privileges] resides in the federal courts.").

Our research confirms that no other circuit courts have examined § 1601.16(b)(1) under Title VII, but some district courts have wrestled with this question and found that an employer waives its objections to the enforcement of a subpoena by simply failing to file a timely petition. *See e.g., EEOC v. Sunco, Inc.*, 2009 WL 197555, at *5 (E.D. Pa. Jan. 26, 2009) (finding employer waived its objections to enforcement of the subpoena by failing to file a timely petition to revoke or modify with the EEOC); *EEOC v. City of Milwaukee*, 54 F. Supp. 2d 885, 891 (E.D. Wis. 1999) (finding the city "precluded from raising any defenses to enforcement" when the city admitted to filing its petitions for modification of EEOC subpoenas after the five-day deadline). One could conceivably argue that we should distinguish this case from those where the respondents failed to petition for modification entirely, since here the petition was just late. But § 1601.16(b)(1) makes no such distinction and we see no reason to make an exception based on the record before us. *Cf. NLRB v. Midland Daily News*, 151 F.3d 472 (6th Cir. 1998) (addressing merits of challenge to subpoena even though newspaper publisher failed to respond to NLRB's subpoena within five days because, unlike here, challenge was based on constitutional grounds).

In reaching this decision, we are reminded that the oversight role of federal courts in subpoena enforcement proceedings is "sharply limited." *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987) (citation omitted). We have consistently emphasized that such enforcement proceedings "are designed to be summary in nature." *Id.* (citation omitted); *see also EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 368 (7th Cir. 2011); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002). At this stage in reviewing an enforcement action, it is not our job, nor the job of the district courts, to assess the underlying merits of a charge of discrimination. *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984). We cannot say whether the

Commission will ultimately be able to prove the claims made in the charges here, but we conclude that EEOC may enforce its subpoena because Aerotek has waived its right to object.

### III.  CONCLUSION

For the reasons explained above, the judgment of the district court is **AFFIRMED**.