**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**COUNTY OF HENNEPIN, Defendant.**

**Misc. No. 4–85–18.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 28, 1985.

30

Lloyd Zimmerman, E.E.O.C., Minneapolis, Minn., for plaintiff.

Thomas L. Johnson, Hennepin Co. Atty., and Joyce Y. Miyamoto, Asst. Co. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiff's application for enforcement of an administrative subpoena, plaintiff's motion for attorneys' fees, and defendant's motion for a protective order. The Court will grant plaintiff's application for enforcement of the administrative subpoena, but will deny plaintiff's motion for attorneys' fees and defendant's motion for a protective order.

## FACTS

Plaintiff in this action is the Equal Employment Opportunity Commission (EEOC). The EEOC is in the process of investigating a charge of sex discrimination against

the Hennepin County Sheriff's Department. Constance Leaf claims that she was fired from her position as a deputy sheriff prior to completing her probationary period because of her sex. As a part of its investigation, the EEOC is seeking to examine the personnel files of 16 deputy sheriffs who, like Leaf, were on probationary status. The EEOC issued an administrative subpoena to defendant Hennepin County (County) in order to obtain these personnel files.

Defendant does not question the relevancy of the information plaintiff has requested, but defendant will not respond to the subpoena absent a court order. Defendant's position is that the Minnesota Government Data Practices Act (Data Practices Act), Minn.Stat. §§ 13.01–.88, requires defendant to provide such information only upon a court order. *See* Minn.Stat. § 13.-43, subd. 4. Defendant states that it offered to provide plaintiff the 16 personnel files with the names of the individuals deleted. Defendant also offered to enter into a stipulation with plaintiff whereby both parties would request that the Court issue an order requiring defendant to produce the files.

Plaintiff rejected both these proposals. Plaintiff points out that the EEOC and the County have previously litigated the same issue, *i.e.*, whether the Data Practices Act prohibits the County from responding to an EEOC subpoena without a court order. In a case involving a different underlying investigation, the United States Magistrate ordered the County to comply with an EEOC subpoena. *EEOC v. County of Hennepin*, MISC. 4–84–32, 35 EPD (CCH) ¶ 34,797 (D.Minn. Nov. 8, 1984). The Magistrate found that Title VII preempts the Data Practices Act, and that notwithstanding the Data Practices Act, disclosure was compelled by the Magistrate's order. 35 EPD at 35,459.

Plaintiff asserts that the Magistrate's decision has collateral estoppel effect (*i.e.*, issue preclusion) against defendant. Plaintiff further states that defendant's contesting the same issue before this Court en-

titles plaintiff to attorneys' fees. Defendant responds that plaintiff is not entitled to attorneys' fees, and that if the Court orders defendant to produce the personnel files, the Court should also issue a protective order. Defendant requests a protective order prohibiting plaintiff from disclosing information from the personnel files to the public, including the charging party and her attorney or representatives.

## DISCUSSION

■ The EEOC has the power to issue administrative subpoenas in conjunction with its investigations of allegations of discrimination, 42 U.S.C. § 2000e–9; 29 U.S.C. § 161(1), and the EEOC can apply to a federal district court to enforce such subpoenas. 42 U.S.C. § 2000e–8, 29 U.S.C. § 161(2). A district court reviewing an EEOC application for a subpoena shall enforce the subpoena if it seeks information material and relevant to an investigation of a potential violation. *EEOC v. Chrysler Corp.*, 567 F.2d 754, 755 (8th Cir.1977); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 104 S.Ct. 1621, 1632–33 n. 26, 80 L.Ed.2d 41 (1984).

Defendant does not challenge the materiality or the relevancy of the information plaintiff requests. Rather, defendant states that the Data Practices Act, Minn. Stat. § 13.43, subd. 4, dictates that it produce the information only in response to a court order. Defendant believes that producing the information on the basis of an administrative subpoena would not satisfy the requirements of the Data Practices Act. Defendant fears that disclosing the information without a court order would expose defendant to civil and criminal penalties. *See* Minn.Stat. §§ 13.08–.09.

**Failure to Exhaust Administrative Remedies**

■ Plaintiff initially argues that defendant must comply with the subpoena because defendant has not exhausted administrative remedies. Any recipient of an EEOC subpoena who does not intend to comply must petition the EEOC general counsel to revoke or modify the subpoena. 29 C.F.R. § 1601.16(b). A party's failure to

attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds. *E.g., EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063–64 (5th Cir. 1979) (per curiam). Here, defendant never petitioned the EEOC general counsel for revocation or modification of the subpoena. Neither is the defendant resisting the subpoena on constitutional grounds. On the basis of failure to exhaust administrative remedies alone, defendant must comply with the subpoena.

**Preemption**

■ Plaintiff's second major argument for enforcement of the subpoena is that Title VII preempts the Data Practices Act. Even though Congress does not explicitly preempt a state law, the state law will be preempted if it would frustrate the scheme established by federal law. *E.g., Allis-Chalmers Corp. v. Lueck*, —— U.S. ——, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985); *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 1189, 55 L.Ed.2d 443 (1978). The federal scheme concerning the EEOC involves the agency investigating allegations of discrimination. In conducting these investigations, the EEOC is entitled to have access to relevant evidence. 42 U.S.C. § 2000e–8(a). The EEOC, moreover, is supposed to conduct its investigations expeditiously. *See* 42 U.S.C. § 2000e–5(b) (EEOC to make charging decision as promptly as possible, and not later than 120 days from filing of charge). *See also Ford Motor Co. v. EEOC*, 458 U.S. 219, 221, 102 S.Ct. 3057, 3060, 73 L.Ed.2d 721 (1982); *EEOC v. K-Mart Corp.*, 694 F.2d 1055, 1067 (6th Cir.1982).

■ Plaintiff indicates that its investigations will be significantly delayed if it must seek district court enforcement for its administrative subpoenas. *See* Bloyer aff. ¶¶ 5–6. Plaintiff, therefore, concludes that having to obtain a district court order each time it seeks information covered under the

Data Practices Act would frustrate the federal scheme of having the EEOC investigate claims quickly. Defendant never responds to this argument, and the Court concludes that the federal scheme would be frustrated if the EEOC had to seek court orders to enforce EEOC subpoenas seeking information covered under the Data Practices Act.

Defendant's only rebuttal is that it is faced with conflicting responsibilities from the EEOC subpoena and the Data Practices Act. Defendant is concerned that if it produces personnel information in response to anything less than a court order, defendant will be exposed to civil and criminal penalties. The Data Practices Act, Minn.Stat. § 13.43, subd. 4, does allow disclosure of personnel information only pursuant to a valid court order. The Data Practices Act requiring a court order for production of personnel information assures that such information will not be given out freely. Similarly, defendant supplying information in response to an administrative subpoena is not an example of freely giving out personnel information. Such a production is in response to an administrative order. This Court believes that a Minnesota state court should not conclude that a defendant has violated the Data Practices Act by producing personnel information in response to an EEOC subpoena.

The Data Practices Act frustrates the federal scheme embodied in Title VII. Title VII, therefore, preempts the Data Practices Act's requirement that personnel information be provided only in response to a court order. *See EEOC v. County of Hennepin*, 35 EPD at 35,459.[1]

**Protective Order**

■ In the event the Court elects to enforce the EEOC subpoena, defendant requests a protective order under Fed.R. Civ.P. 26(c). Defendant seeks an order prohibiting plaintiff from disclosing to the public, including the claimant and her rep-

---

**1.** Because the Court has found for the plaintiff on the basis of preemption and defendant's failure to exhaust administrative remedies, the Court will not address plaintiff's collateral estoppel argument.

resentatives, any information obtained pursuant to the subpoena.

The Supreme Court, however, has declared that individuals filing discrimination charges are entitled to access to information concerning their charges which the EEOC obtained by subpoena. *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 599, 101 S.Ct. 817, 822, 66 L.Ed.2d 762 (1981).[2] Defendant, moreover, does not need a protective order to prohibit the EEOC from disclosing confidential information to other individuals. The EEOC is already obligated by statute not to disclose to the public any information obtained during its investigation. 42 U.S.C. § 2000e–8(e), *Associated Dry Goods Corp.*, 449 U.S. at 596, 101 S.Ct. at 821. Any EEOC employee who violates this prohibition commits a misdemeanor and is subject to a fine up to $1,000 or imprisonment up to one year. 42 U.S.C. § 2000e–8(e). Defendant has made no showing that these procedures are inadequate to insure the confidentiality of the subpoenaed information; therefore, defendant is not entitled to a protective order. *Valley Industrial Services, Inc. v. EEOC*, 570 F.Supp. 902, 907 (N.D.Cal. 1983).

**Attorneys' Fees**

█ Plaintiff requests that the Court grant it attorneys' fees under either Fed.R. Civ.P. 11 or 28 U.S.C. § 1927. Plaintiff argues that defendant's refusal to respond to the administrative subpoena is unreasonable and vexatious. The Court does not fault defendant for not accepting the Magistrate's ruling as the final word on the issue of whether defendant must comply with EEOC subpoenas absent a court order. In the future, however, attorneys' fees will be appropriate if defendant resists EEOC subpoenas on the basis of the Data Practices Act's requirement that personnel information be provided only in response to a court order.

**2.** Any charging party obtaining confidential information from the EEOC must sign an agreement not to disclose the information to anyone, except as part of the normal process of litigation

Based on the foregoing, IT IS ORDERED that:

1. plaintiff's application for enforcement of an administrative subpoena is granted;

2. within 30 days from the filing of this order, defendant shall provide plaintiff all the information requested in Equal Employment Opportunity Commission Subpoena No. MK–85–001, dated March 12, 1985;

3. defendant's motion for a protective order is denied;

4. plaintiff's motion for attorneys' fees is denied.

after a suit is commenced. *Associated Dry Goods Corp.*, 449 U.S. at 597–98, 101 S.Ct. at 821–22, *citing EEOC Compliance Manual* § 83.-3(b).