**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Applicant,**

v.

**CITY OF ORANGE, TEXAS, Respondent.**

**No. 1:95–MC–68.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 28, 1995.

**382**

Mary O'Boyle Lyons & James Sacher, E.E.O.C. Houston District Office, for plaintiff.

John Cash Smith, Cimron Campbell, Mehaffy & Weber, Orange, TX, for defendant.

## MEMORANDUM OPINION AND ORDER ORDERING RESPONDENT TO COMPLY WITH SUBPOENA

SCHELL, Chief Judge.

This is an action by the Equal Employment Opportunity Commission ("EEOC") to enforce an administrative subpoena. On May 15, 1995, in the process of investigating a charge of gender and racial discrimination in employment made against Respondent, EEOC served Respondent with an administrative subpoena, issued pursuant to 42 U.S.C. § 2000e–9, demanding that the city "[p]rovide all tapes and transcripts of City Council Meetings held, in closed Executive Sessions" on nine specific dates from October 1992 through April 1994. EEOC Subpoena

at 1 (Ex. 1 to EEOC Mem. in Support of Enforcement of Administrative Subpoena).

On May 19, 1995, Respondent, through its counsel, responded to the EEOC subpoena by letter. Respondent stated that it would be unable to comply with the EEOC subpoena, absent a court order requiring compliance, because of the provisions of the Texas Open Meetings Act found at TEX.GOV'T CODE ANN. § 551.104 (Vernon 1994). Although Respondent offered to cooperate with EEOC in obtaining an order requiring the production of the tapes, EEOC filed this action to compel Respondent to comply with the terms of the subpoena.

■ Respondent must comply with the EEOC's administrative subpoena regardless of Texas state laws designed to protect the confidentiality of the tapes at issue. The court in *EEOC v. County of Hennepin*, 623 F.Supp. 29 (D.Minn.1985) faced a strikingly similar factual situation. This court finds the reasoning of the *County of Hennepin* decision to be applicable with respect to the question of federal preemption. *See id.* at 32.

■ "Where a state statute conflicts with or frustrates federal law, the former must give way." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, ——, 113 S.Ct. 1732, 1737, 123 L.Ed.2d 387 (1993). Congress has designed an elaborate statutory scheme to combat discriminatory employment practices. As the federal agency with primary responsibility in this area, EEOC is empowered by statute to investigate charges of discrimination in employment. 42 U.S.C. § 2000e–5. Congress charged EEOC with conducting its investigations in a prompt and timely fashion. *Id.* § 2000e–8(a). EEOC's investigative efforts into the employment practices of entities subject to the provisions of the Texas Government Code would be delayed significantly if a court order were required to enforce every administrative subpoena served upon these entities. Accordingly, the Texas statute is preempted to the extent that it thwarts the EEOC's efforts to carry out the manifest intent of the Congress. Respondent is hereby ORDERED to comply with the administrative subpoena issued by

EEOC by producing the requested tapes on or before December 15, 1995.