

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

September 6, 2000

F. M. (Skip) Langley, D.V.M., M.D., J.D.          Opinion No. JC-0280
Executive Director
Texas State Board of Medical Examiners          Re:  Whether the Board of Medical Examiners
P.O. Box 2018                                    may  release  to  the  Equal  Employment
Austin, Texas 78768-2018                         Opportunity  Commission  information  that  is
                                                 confidential  under  section  164.007  of  the
                                                 Occupations Code  (RQ-0225-JC)

Dear Dr. Langley:

          Under section 164.007 of the Occupations Code, negative or investigative information
possessed by the Board of Medical Examiners relating to an application for license is "privileged
and confidential and is not subject to discovery, subpoena, or other means of legal compulsion for
release to anyone other than the board or its employees or agents." TEX. OCC. CODE ANN.
§ 164.007(c) (Vernon 2000). The federal Equal Employment Opportunity Commission ("EEOC"),
which investigates charges of discrimination related to disability by a public entity, *see* 42 U.S.C.
§ 12133; *see also* 29 U.S.C. § 794a(a)(1); 42 U.S.C. § 2000e-5(b) (1994), is entitled to obtain
information that relates to an investigation of a charge of discrimination. *See* 42 U.S.C. § 2000e-
8(a); *University of Pa. v. EEOC*, 493 U.S. 182, 192 (1990). Your predecessor in office asked
whether the State Board of Medical Examiners (the "Board") may release to the EEOC requested
documents relating to all applications the Board has denied from January 1, 1983 through September
9, 1999.[1]  Because current federal statutes that empower the EEOC to investigate a charge of
discrimination preempt inconsistent state statutes, *see EEOC v. City of Orange*, 905 F. Supp. 380,
382 (E.D. Tex. 1995), we cannot construe section 164.007 of the Occupations Code to permit the
Board to withhold from the EEOC information that relates to an EEOC investigation. Assuming that
the requested information relates to a pending EEOC investigation, the Board not only may, but
*must*, release the information to the EEOC.

          Your predecessor indicated that the Board received two requests for information from the
EEOC. *See* Request Letter, note 1. "The initial request pertained to the application of a physician
who filed a complaint with the EEOC," he stated. *Id.* at 1. Although the Board did not believe that
the EEOC was an entity to which the Board could release information under section 164.007 of the
Occupations Code, the Board "released the complaining physician's application file based upon the

_____

          [1]*See* Letter from Bruce A. Levy, M.D., J.D., to Honorable John Cornyn, Texas Attorney General
(Apr. 16, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

EEOC's promise of confidentiality." *Id.* Since that time, "the EEOC has requested similar information for all applicants to whom licensure has been denied by the Board from January 1, 1983[,] through . . . September 9, 1999." *Id.* It appears that the EEOC's request may arise from allegations of violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 - 12213 (1994 & Supp. 1997).[2] Your predecessor wished to know whether the Board may release the requested information to the EEOC. *See* Request Letter, *supra* note 1, at 2.

Your predecessor did not suggest that the requested information does not relate to a charge under investigation by the EEOC. We accordingly assume that the information is relevant for the purpose of 42 U.S.C. § 2000e-8 (1994).

No person may practice medicine in Texas without a license from the Board. *See* TEX. OCC. CODE ANN. § 155.001 (Vernon 2000). In certain circumstances, the Board may refuse to admit an applicant to the licensing examination or the Board may refuse to license an applicant. *See id.* § 164.051; *see also id.* § 155.003 ("General Eligibility Requirements"). For example, the Board may deny a license to an applicant who has submitted a false document to the Board in a license application or has taken or passed the examination using fraudulent means; who has been convicted of a felony or a misdemeanor involving moral turpitude; or who "is unable to practice medicine with reasonable skill and safety to patients because of" mental or physical illness or chemical dependency. *See id.* §§ 164.051(a), .052(a). The Board apparently investigates an applicant to ensure that the applicant is eligible to be licensed. *See id.* § 155.003(a).

Documents that the Board compiles in investigating an applicant are confidential under state law:

> Each complaint, adverse report, investigation file, other investigation report, and other investigative information in the possession of or received or gathered by the board or its employees or agents relating to a license holder, an application for license, or a criminal investigation or proceeding is privileged and confidential and is not subject to discovery, subpoena, or other means of legal compulsion for release to anyone other than the board or its employees or agents involved in discipline of a license holder.

*Id.* § 164.007(c). Subsequent subsections of section 164.007 provide explicit exemptions, situations in which information may be released without violating subsection (c). Under subsection (f), the Board may disclose investigative information in the Board's possession "relating to discipline of a license holder" to a licensing authority in another state or jurisdiction or to a medical peer review

---

[2]*See* Letter from Sidney B. Chesnin, Senior Trial Attorney, Dallas District Office, EEOC, to Kerstin E. Arnold, Assistant General Counsel, Texas State Board of Medical Examiners (July 23, 1999) (on file with Opinion Committee).

committee. *Id.* § 164.007(f). The Board may, under subsection (g), release to the appropriate law-enforcement agency investigative information that tends to show that a crime has been committed. *See id.* § 164.007(g). And, under subsection (h), the Board must provide to an investigating law-enforcement agency relevant information regarding a license holder who is under criminal investigation. *See id.* § 164.007(h). Information that the Board discloses to an investigative agency "remains confidential and may not be disclosed by the investigating agency except as necessary to further the investigation." *Id.*

Your agency generally has presumed that the EEOC was not "considered to be among those entities identified in section[] 164.007(d) - (h)." Request Letter, *supra* note 1, at 1. While we do not consider whether the EEOC may be considered a "law enforcement agency" for the purposes of subsections (g) or (h), we agree that the circumstances around the request suggest that the exceptions do not apply.

A public licensing agency may not discriminate against a qualified individual with a disability on the basis of that disability in the administering of its licensing program. The Americans with Disabilities Act, 42 U.S.C. §§ 12101 - 12213 (1994 & Supp. 1997), forbids a public entity, including a public licensing board, to discriminate against any qualified individual with a disability. *See* 42 U.S.C. §§ 12132, 12133 (1994); 28 C.F.R. § 35.130(b)(6) (1999); *Clark v. Virginia Bd. of Bar Exam'rs*, 880 F. Supp. 430, 442 (E.D. Va. 1995) (stating that public entity is specifically prohibited from discriminating in administration of licensing program); Deborah Piltch, Jamie W. Katz, & Janine Valles, *The Americans with Disabilities Act and Professional Licensing*, 17 MENTAL & PHYSICAL DISABILITY L. REP. 556, 557 (1993); *see also* 29 U.S.C. § 794a(a) (1994); 42 U.S.C. § 2000e-5(b) (1994). This prohibition applies to a licensing program's administration. *See* 28 C.F.R. § 35.130(b)(6) (1999); *Clark*, 880 F. Supp. at 442.

The EEOC is authorized to investigate and enforce violations of this prohibition. *See* 42 U.S.C. § 12133; *see also* 29 U.S.C. § 794a; 42 U.S.C. § 2000e-5(b) (1994). In connection with an investigation, the EEOC "shall at all reasonable times have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices . . . and is relevant to the charge under investigation." *Id.* § 2000e-8(a).

The EEOC's right to access information that is material and relevant to an investigation preempts, to the extent the state statute "thwarts the EEOC's efforts to" investigate in a prompt and timely fashion, a state statute that deems particular documents confidential. *EEOC v. City of Orange*, 905 F. Supp. 381, 382 (E.D. Tex. 1995).

> Even though Congress does not explicitly preempt a state law, the state law will be preempted if it would frustrate the scheme established by federal law. [Citations omitted.] The federal scheme concerning the EEOC involves the agency investigating allegations of discrimination. In conducting these investigations, the EEOC is

entitled to have access to relevant evidence. . . . The EEOC, moreover, is supposed to conduct its investigations expeditiously.

*EEOC v. County of Hennepin*, 623 F. Supp. 29, 32 (D. Minn. 1985); *cf. University of Pa. v. EEOC*, 493 U.S. 182, 194 (1990) (declining to require EEOC to demonstrate specific reason for disclosure of requested document, "beyond a showing of relevance," because such requirement would "'place a potent weapon in the hands of employers who have no interest in complying voluntarily with the [Civil Rights] Act, who wish instead to delay as long as possible investigations by the EEOC.' *EEOC v. Shell Oil Co.*, 466 U.S. [54,] 81 (1984).").

Assuming that the information the EEOC has requested under 42 U.S.C. § 2000e-8(a) is material and relevant to an investigation, the EEOC has a right to obtain the information, which right cannot be compromised by a state statute, such as section 164.007 of the Occupations Code. *See University of Pa.*, 493 U.S. at 192 (stating that EEOC has "right to obtain" information related to investigation, "not a mere license to seek it"). In *EEOC v. City of Orange*, the federal district court for the Eastern District of Texas specifically concluded that a Texas statute that thwarts an EEOC investigation is preempted to the extent it does so:

"Where a state statute conflicts with or frustrates federal law, the former must give way." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, [663] (1993). Congress has designed an elaborate statutory scheme to combat discriminatory employment practices. As the federal agency with primary responsibility in this area, EEOC is empowered by statute to investigate charges of discrimination in employment. 42 U.S.C. § 2000e-5. Congress charged EEOC with conducting its investigations in a prompt and timely fashion. *Id.* § 2000e-8(a). EEOC's investigative efforts into the employment practices of entities subject to the provisions of the Texas Government Code would be delayed significantly if a court order were required to enforce every administrative subpoena served upon these entities. Accordingly, the Texas statute is preempted to the extent that it thwarts the EEOC's efforts to carry out the manifest intent of Congress.

*City of Orange*, 905 F. Supp. at 382. To the extent that section 164.007 of the Occupations Code requires the Board to withhold documents material and relevant to an EEOC investigation and requested in relation to the investigation, it thwarts Congress' intent and is preempted by federal law. *See also id.*

Consequently, we conclude not only that the Board *may* release the requested information to the EEOC, but that the Board *must* do so. Information released to the EEOC does not lose its confidential character. *See* 42 U.S.C. § 2000e-8(e) (1994); *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 599 (1980); *County of Hennepin*, 623 F. Supp. at 33.

Analogously, this office has construed chapter 552 of the Government Code to permit a state agency that is holding confidential information to transfer the information to a federal agency if the law requires that the information be disclosed to the federal agency. *See* Tex. Att'y Gen. ORD-650 (1996) at 3-4. Because federal law provides the EEOC with a right to obtain information that relates to an investigation of alleged discriminatory practices, chapter 552 does not prohibit the Board from releasing the information to the EEOC.

## S U M M A R Y

In accordance with a request from the Equal Employment Opportunity Commission ("EEOC"), the Board of Medical Examiners must transfer to the EEOC information that relates to a charge the EEOC is investigating under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 - 12213 (1994 & Supp. 1997). To the extent section 164.007 of the Occupations Code deems the information strictly confidential, section 164.007 is preempted by federal law. *Compare* TEX. OCC. CODE ANN. § 164.007(c) (Vernon 2000), *with* 42 U.S.C. § 2000e-8(a) (1994).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee