**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, On Relation of the United Food and Commercial Workers International Union, *Petitioner-Appellee*, | No. 12-55828 D.C. No. 2:11-cv-10070-CBM-FMO |
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, *Intervenor-Plaintiff–Appellee*, | OPINION |
| v. | |
| FRESH AND EASY NEIGHBORHOOD MARKET, INC., *Respondent-Appellant*. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted
February 6, 2014—Pasadena, California

Filed November 13, 2015

Before: Harry Pregerson, Michael R. Murphy[*],
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Berzon

## SUMMARY[**]

### Subpoena

The panel affirmed the district court's order enforcing a subpoena duces tecum that the United Food and Commercial Workers Union served on Fresh and Easy Neighborhood Market, Inc. in advance of a hearing before the National Labor Relations Board.

The panel disagreed with the district court's holding that the subpoena was properly served, but affirmed the order to comply with the subpoena on different grounds. The panel affirmed the decision to enforce the subpoena because exhaustion was required and Fresh & Easy suffered no prejudice that would excuse it from that requirement. Specifically, the panel held that the Union failed to meet its procedural obligations when it neglected to serve the subpoena on Fresh and Easy's counsel of record. The panel further held that although service of the subpoena was defective, the defect was insufficient to excuse Fresh and

---

[*] The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Easy from the obligation to file a petition to revoke the subpoena in accordance with agency procedure. The panel further held that its finding that Fresh and Easy was not prejudiced precluded consideration of the merits-based challenges to the subpoena's validity, as the Board did not consider those claims.

## COUNSEL

Stuart Newman (argued), Seyfarth Shaw LLP, Atlanta, Georgia; Joshua L. Ditelberg, Seyfarth Shaw LLP, Chicago, Illinois, for Respondent-Appellant.

David A. Rosenfeld (argued) and Sean D. Graham, Weinberg, Roger & Rosenfeld, Alameda, California, for Petitioner-Appellee.

## OPINION

BERZON, Circuit Judge:

Petitioner-Appellee United Food and Commercial Workers Union (the "Union") asks this court to enforce a subpoena duces tecum it served on Respondent-Appellant Fresh & Easy Neighborhood Market, Inc. ("Fresh & Easy") in advance of a hearing before the National Labor Relations Board (the "NLRB" or "Board"). The Board issued the subpoena at the Union's request in connection with charges that Fresh & Easy engaged in unfair labor practices by stifling union activity.

Fresh & Easy did not contest the validity of the subpoena by requesting within five days of service that the Board revoke the subpoena, as required by the National Labor Relations Act (the "NLRA" or the "Act") and its corresponding Board regulations. *See* 29 U.S.C. § 161; 29 C.F.R. § 102.31(b). Fresh & Easy contends that it missed the filing deadline because the Union did not serve Fresh & Easy's counsel of record with a copy of the subpoena; only the party was served.

The district court held the subpoena properly served and ordered Fresh & Easy to comply with the Union's requests. Fresh & Easy timely appealed. We disagree with the district court's conclusion but affirm the order to comply with the subpoena on different grounds.

I.

As of January 2012, Fresh & Easy operated a chain of approximately 170 grocery stores, with locations in California, Nevada, and Arizona. Beginning in December 2010, Fresh & Easy posted signs near the entrances of at least four of its California stores reading, "Sorry but we don't allow solicitation, loitering or the posting of flyers."

In January 2011, the Union filed an unfair labor practices charge with the Board. The charge alleged that the maintenance of the signs constituted a violation of the NLRA, *see* 29 U.S.C. § 158(a)(1), by interfering with, restraining, or coercing employees in the exercise of their rights protected

under the Act.**[1]**  Pursuant to that charge, the General Counsel of the NLRB filed a complaint against Fresh & Easy before the Board.  Fresh & Easy answered the complaint, denying that it had violated the Act.  A hearing before an Administrative Law Judge ("ALJ") was held on July 19, 2011.

In preparation for the hearing, the Union sought and the Board provided a blank subpoena duces tecum.  On July 8, the Union served the completed subpoena duces tecum on "Hugh Cousins and/or the Custodian of Records of Fresh & Easy Neighborhood Market" by courier at Fresh & Easy's principal place of business.  As pertinent here, the subpoena sought "[a]ll documents which concern, mention, or relate to any union organizing or union activities" and "[a]ll documents maintained on any company hotline or similar message system which concern [sic] mention, relate or refer to union activity."**[2]**  Any petition to revoke the subpoena was due in writing within five days of service.  29 C.F.R. § 102.31(b).

The Union never served the subpoena on Fresh & Easy's counsel of record.  But prior to the hearing, Fresh & Easy sent a copy of the subpoena to its counsel by email.  It is not clear

---

**[1]** The Act provides, in relevant part: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ."  29 U.S.C. § 157.

**[2]** After the enforcement application was filed, the parties reached a stipulation resolving the disputes related to seventeen of the nineteen requests made in the subpoena.  Accordingly, only two requests remain at issue.

from the record exactly when counsel received the client email, but Fresh & Easy never suggested, and has not established, that it was after the deadline to file a petition to revoke. Fresh & Easy's counsel simply overlooked the email "until the evening of July 18, 2011, the night before the hearing at which production of the subpoenaed documents would have been required."

At the hearing, Fresh & Easy did not produce documents responsive to the subpoena. Instead, it argued that the subpoena was invalid because it had not been served on Fresh & Easy's counsel and because it sought evidence outside the scope of the General Counsel's complaint. The ALJ declined to entertain Fresh & Easy's arguments in absence of a petition to revoke, and left the record open following the hearing to permit the Union to decide whether to seek enforcement of the subpoena. Thereafter, the Union requested that the NLRB, through its General Counsel, initiate enforcement proceedings. *See* 29 C.F.R. § 102.31(d).

Fresh & Easy subsequently filed a motion to close the record before the ALJ, arguing that because the General Counsel had already rested its case, supplementation of the record was unnecessary. The ALJ denied Fresh & Easy's motion, holding that "[u]ntil the subpoena enforcement proceedings are concluded, this record will remain open and the matter postponed indefinitely." The ALJ again declined to address Fresh & Easy's argument that the subpoena was invalid.

Fresh & Easy then filed a motion with the NLRB seeking special permission to appeal from the ALJ's ruling, maintaining that because the Union did not serve the subpoena on counsel, Fresh & Easy had no obligation to

petition to revoke it.  Fresh & Easy also argued that even if a petition to revoke was called for, the ALJ should still have considered the present relevance and burden of the subpoena, particularly given that the General Counsel had already rested its case, to determine whether enforcement of the subpoena would be "inconsistent with law and with the policies of the act."  29 C.F.R. § 102.31(d).

The Board granted the request for special permission to appeal the ALJ's ruling but denied the appeal on the merits.  After ruling that Fresh & Easy "failed to establish or even allege that it suffered any prejudice from the charging Party's failure to serve the subpoena on the Respondent's counsel," the Board determined that proceedings to enforce the subpoena were appropriate despite the General Counsel's having rested its case.  In support of that conclusion, the Board determined that "General Counsel's right to control the theory of the case does not preclude the Charging Party from introducing evidence at the hearing once it receives documents in response to its subpoena."  Finally, the Board noted that Fresh & Easy never filed a petition to revoke the subpoena, and that such a petition "would have been the appropriate vehicle for raising any issue regarding its validity."  The Board therefore declined to rule on the substantive validity of the subpoena.

Shortly thereafter, pursuant to 29 U.S.C. § 161(2), the Board filed an application on behalf of the Union to enforce the subpoena in the United States District Court for the Central District of California. The Union intervened and took responsibility for the application.  Fresh & Easy opposed enforcement on the grounds that the subpoena was

improperly served and sought information that was irrelevant, overly broad, and unduly burdensome.[3]

The district court granted the application to enforce the subpoena. It held that the subpoena was properly served, because the governing statutes and regulations do not require a private party to serve papers upon a party's attorney. On the merits, the district court found that the requests were relevant to the proceeding and not overly broad nor unduly burdensome.

## II.

"We review de novo a district court's decision regarding enforcement of an agency subpoena." *N.L.R.B. v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996); *E.E.O.C. v. Fed. Exp. Corp.*, 558 F.3d 842, 846 (9th Cir. 2009). In deference to the Board's interest and expertise in managing the cases before it, we generally will not entertain a challenge to a subpoena that was not first brought before the Board. *See E.E.O.C. v. Cuzzens of Ga., Inc.*, 608 F.2d 1062, 1063 (5th Cir. 1979) ("Generally, one who has neglected the exhaustion of available administrative remedies may not seek judicial relief."); *E.E.O.C. v. Hennepin Cnty.*, 623 F. Supp. 29, 31–32 (D. Minn. 1985) ("A party's failure to attempt [the] administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds.").

Because we determine that exhaustion was required and that Fresh & Easy suffered no prejudice that would excuse it

---

[3] Fresh & Easy also argued that the subpoena sought information that might be privileged, but the district court did not address this claim.

from that requirement, we affirm the decision to enforce the subpoena.

## III.

### A.  Service on Counsel

In neglecting to serve the subpoena on Fresh & Easy's counsel of record, the Union failed to meet its procedural obligations.  Section 102.113 of the Code, entitled "Methods of service of process and papers *by the Agency*; proof of service," provides that "[w]henever these rules require or permit the service of pleadings or other papers upon a party, a copy shall also be served on any attorney or other representative of the party who has entered a written appearance in the proceedings on behalf of the party." 29 C.F.R. § 102.113(f) (emphasis added).

The Union argues that section 102.113 does not apply to private parties, as the heading indicates that it governs service "by the Agency."  Because a representative of the Union served the subpoena, the Union argues, section 102.114 governs.

The heading to section 102.114 reads: "Filing and service of papers *by parties*; form of papers; manner and proof of filing or service; electronic filings."  (Emphasis added).  In contrast to the preceding section, section 102.114 does not explicitly require service on counsel.  The Union therefore concludes that it had no obligation to serve a subpoena on Fresh & Easy's counsel.

The Union's interpretation of the regulations is untenable. Section 102.113(f) states that service upon counsel is required

"[w]henever *these rules* require or permit the service of pleadings or other papers upon a party."     29 C.F.R. 102.113(f) (emphasis added).  The most logical interpretation is that "these rules" refers to the greater body of rules governing service of process, be it service by the Board or by parties.  The only indication that section 102.113(f) applies exclusively to service by the agency is contained in the section heading.  "But headings and titles are not meant to take the place of the detailed provisions of the text." *Bhd. of R.R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 528, (1947); *see also Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) ("[A] subchapter heading cannot substitute for the operative text of the statute.").

Further, the regulations in part 102 differentiate between "these rules," and a "rule," a "section," or "provisions in a section" of the rules.  *See, e.g.*, 29 C.F.R. §§ 102.114(a) (referring to "these rules"), (c) (referring to "this section"), (e)–(i) (referring to "this section," "this rule," and "these rules"); 102.46(a) (referring to "section 10(c) of the Act," "these rules," and "this section"), (d)(1) (referring to "this section"), (e) (referring to "paragraphs (b) and (j) of this section"), (f)(1) (referring to "paragraphs (c) and (j) of this section"); 102.48(d)(2) (referring to motions filed "pursuant to this section"); 102.67(e) (referring to "paragraph (d)(2) of this section"); 102.69(e), (f) (referring to "this section" and "provisions of this section"); 102.81 (referring to "the provisions of §§ 102.77 and 102.78," "the provisions of § 102.19," "the provisions of § 102.80," and "other sections of the act"); 102.100 (referring to "§ 102.114(a) of these rules" and "§ 102.114(b) of the rules"); 102.107 (referring to "§ 102.114(b) of these rules"); 102.108 (same); 102.111 (referring to "these rules" and "this section of the rules").

The same is true of the NLRB's rulemaking documents. *See*, *e.g.*, Procedural Rules; Amendments, 51 Fed. Reg. 23744-01 (July 1, 1986) (codified at 29 C.F.R. pt. 102).

These sources evidence that the NLRB uses the terms "these rules," "this rule," "this section," and "the provisions of this section" differently and consistently. We therefore conclude that the NLRB intended that the term "these rules" apply to all NLRB regulations, not just the provisions in a particular section of them. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 568 (1995); *cf. Gonzales v. Oregon*, 546 U.S. 243, 274 (2006); *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 595–96 (2004); *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 479–80 (1992). Thus, "[w]henever these rules apply," as used in section 102.113(f), refers to all rules in part 102, not just to the other provisions within section 102.113. Various treatises understand the regulations to impose the same requirements. *See* 48A Am. Jur. 2d *Labor and Labor Relations* § 1922 (2015) ("Whenever the NLRB's rules require or permit the service of pleadings or other papers upon a party, a copy must also be served on any attorney or other representative of the party who has entered a written appearance in the proceeding on behalf of the party."); *Location of and individuals to be served*, 11 Emp. Coord. Labor Relations § 41:15 (2015) (same); *Manner of service*, 22 Fed. Proc., L. Ed. § 52:266 (2015) (same); *Service of documents after initiation of proceedings*, 12APT1 Fed. Proc. Forms § 46:65 (2015) (same).

Language in the NLRB's Casehandling Manual provides support for this interpretation. The manual—compiled by the General Counsel to "provide procedural and operational guidance" to staff members in unfair labor practice

proceedings—does not distinguish between service by the agency and service by private parties in discussing the obligation to serve subpoenas on the recipient's counsel. NLRB CASEHANDLING MANUAL PART TWO Purpose of the Manual, § 11778 (2007). By contrast, the manual does distinguish between service by the agency and by private parties in discussing payment of fees to subpoenaed witnesses. A private party, but not the General Counsel, must tender fees at the time of service. *Id.* §§ 11778–79.

Further, section 102.114—the section the Union believes limits its service requirements—contains a cross reference to section 102.113 indicating that all the requirements of that section are incorporated into section 102.114: "The person or party serving the papers or process on other parties in conformance with § 102.113 and paragraph (a) of this section shall submit a written statement of service thereof to the Board stating the names of the parties served and the date and manner of service." 29 C.F.R. § 102.114(e). The most natural reading of that subsection is that the "person or party" serving process in accordance with section 102.114 is also governed by the standards of section 102.113 and is subject to the service-on-counsel requirement found in section 102.113(f).

Finally, there is little logic to an interpretation that would allow a private party, but not the Board, strategically to avoid serving a subpoena on counsel, diminishing the recipient's ability to lodge a timely complaint. A subpoena imposes the same obligations on the recipient and exposes the recipient to the same penalties for noncompliance whether the subpoena is served by the Board or by a private party. And when counsel is involved in an ongoing proceeding, ethical rules as well as established practice support service on the counsel,

not the client. *See* MODEL RULES OF PROF'L CONDUCT R. 4.2 (stating that a lawyer shall not communicate with a party represented by another lawyer "unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order"); CAL. RULES OF PROF'L CONDUCT R. 2-100 (same).

## B.  Prejudice

Although the Union was obliged to serve the subpoena on Fresh & Easy's counsel of record, we agree with the Board's conclusion that "failure to serve counsel does not constitute grounds for revoking a subpoena, absent a showing of prejudice." *Fresh & Easy Neighborhood Market, Inc. & United Food & Commercial Workers Int'l Union*, No. 21-CA-39649, 2011 WL 5822393, at *2 (N.L.R.B. Nov. 16, 2011). In its proceedings before the ALJ and before the Board on appeal, Fresh & Easy "failed to establish or even allege that it suffered any prejudice from the Charging Party's failure to serve the subpoena on the Respondent's counsel." *Id.* Without prejudice, the defective service did not invalidate the subpoena *ab initio*, and Fresh & Easy was required to bring any challenge to the subpoena through a petition to revoke as prescribed by 29 U.S.C. § 161(1) and 29 C.F.R. § 102.31(b).

Fresh & Easy contends that it has in fact alleged prejudice through its assertion that counsel's late notice of the subpoena prevented it from filing a timely petition to revoke. With no venue to challenge the relevance of the subpoena in the absence of a petition to revoke, Fresh & Easy was faced with the undesirable options of complying with the subpoena's broad demands or risking contempt of court.

This reasoning overlooks that no evidence shows the subpoena was transmitted to Fresh & Easy's counsel after the deadline to file a petition to revoke; Fresh & Easy's counsel admitted that the firm simply "overlooked" the email until the eve of the hearing. To find prejudice in such circumstances would require holding that receipt from the client rather than the opposing party is prejudice per se. In declining to so hold, we agree in the present circumstances with the Seventh Circuit's determination that where "respondents themselves were personally served with a copy [of the subpoena,] [n]o prejudice has been shown to have resulted because the Board failed to serve counsel with a copy." *N.L.R.B. v. Playskool, Inc.*, 431 F.2d 518, 520 (7th Cir. 1970).

Fresh & Easy argues that *Playskool* is not persuasive here because, in that case, the respondent filed a timely petition to revoke despite the lack of formal service on counsel. By contrast, Fresh & Easy's counsel never saw the email alerting him to the subpoena until the filing deadline had passed. Other situations might present reasons equitably to toll the five-day filing deadline for a petition to revoke if counsel received the subpoena later than he would have otherwise because of the failure to serve him directly. Here, however, the lawyer *never* filed a petition to revoke, so equitable tolling of the filing deadline cannot save the day. We decline to create a rule that would allow a lawyer with actual notice of a subpoena to take *no* action, in hope that the charging party will not seek enforcement, and to make objections only if enforcement proceedings ensue. On this point we note that we owe deference to an agency's reasonable interpretation of its statutes and regulations. *N.L.R.B. v. Kentucky River Cmty. Care, Inc.*, 532 U.S. 706, 721 (2001). We therefore give weight to the interpretation that a proper objection to allegedly improper service would have taken the form of a

petition to revoke, even if late by the usual measures.  Absent such a petition, whenever filed, Fresh & Easy cannot credibly claim prejudice.

### C.  Exhaustion

Our finding that Fresh & Easy was not prejudiced precludes consideration of the merits-based challenges to the subpoena's validity, as the Board did not consider those claims.

In analogous situations, courts have held that failure to file a timely petition to revoke a subpoena duces tecum issued by the EEOC, which is governed by the same five-day filing deadline and administrative appeals process as the NLRB, bars a party from challenging enforcement of the subpoena on all but constitutional grounds.  *See Cuzzens*, 608 F.2d at 1063; *Cnty. of Hennepin*, 623 F. Supp. at 31–32.  An exhaustion requirement allows the agency, which is closer to the facts of the underlying dispute, to have the first crack at "interpretation and administration of its authorizing substantive legislation." *E.E.O.C. v. Lutheran Soc. Servs.*, 186 F.3d 959, 965 (D.C. Cir. 1999) (internal quotation omitted); *see also N.L.R.B. v. Pesante*, 119 F. Supp. 444, 456 (S.D. Cal. 1954) ("The power of the Board to hear petitions to revoke was placed in the board and the board only.").

Excuse from the exhaustion requirement can be warranted in exceptional circumstances.  *Lutheran Social Services* considered the merits of respondent Lutheran's challenge to a subpoena despite the fact that no timely petition to revoke had been filed with the agency.  The court concluded that Lutheran might reasonably have been ignorant of the five-day filing requirement.  186 F.3d at 965.  The court based its

determination on the facts that, *inter alia*, 1) the subpoena contained no reference to the five-day filing deadline nor warning of the consequences of failure timely to challenge; 2) the agency investigator who issued the subpoena may have inadvertently misled Lutheran into believing it had not missed any deadlines; and 3) Lutheran did not base its challenge on irrelevance or lack of particularity, which are the two bases for revocation explicitly mentioned in 29 U.S.C. § 161(1) and which challenges the court might expect a party to know it had to lodge with the agency. *Id.* at 964. Likewise, *E.E.O.C. v. Bashas', Inc.*, in forgiving a party's untimely petition to revoke, considered it significant that the "subpoena did not specify the five day time frame, or the statutory or regulatory basis for that requirement." No. CIV 09-0209 PHX RCB, 2009 WL 3241763, at *6 (D. Ariz. Sept. 30, 2009), *order clarified*, 2009 WL 5206632 (D. Ariz. Dec. 24, 2009). Additionally, the E.E.O.C. never notified the challenging party that its petition to revoke, once filed, was untimely. *Id.* at *7.

By contrast, the subpoena issued to Fresh & Easy clearly noted the five-day deadline, cited the governing regulation, and warned that "[f]ailure to follow these regulations may result in the loss of any ability to raise such objections in court." Fresh & Easy does not dispute that it knew it was required to file a petition to revoke, and the ALJ gave consistent reminders of this obligation at the July 19 hearing.

Some of the ALJ's initial comments suggested it was too late to file a petition to revoke; at one point the ALJ stated: "Well, I'm not going to entertain a motion to quash at this point, because it wouldn't be timely." Later, however, the ALJ made clear he would consider a challenge, telling Fresh & Easy: "[Y]ou can file anything and obviously I would – I

have jurisdiction at this point over a motion to quash as the record is still open." Despite this explicit invitation, Fresh & Easy "never filed or sought to file" a challenge to the subpoena at the agency level.

An exhaustion requirement is especially appropriate here given that Fresh & Easy's substantive objection to the subpoena is its alleged irrelevancy, lack of particularity, and overbreadth.[4] As *Lutheran Social Services* noted, "[i]n such cases, exhaustion is important because the [agency] possesses considerable expertise with respect to relevance and particularity, expertise to which we would comfortably defer." 186 F.3d at 965. That the federal courts may enforce a subpoena does not mean that this forum can be used to circumvent the essential role of the Board in managing discovery in the cases before it.

## IV.

In sum, we hold that service was defective, but the defect was insufficient to excuse Fresh & Easy from the obligation to file a petition to revoke the subpoena in accordance with

---

[4] *Lutheran Social Services* suggests that a challenge based on privilege, at issue in that case, may appropriately be considered without exhaustion, as privilege is an area in which federal courts, as opposed to agencies, have superior expertise. 186 F.3d at 965. Although Fresh & Easy's briefing purports to raise a privilege claim in addition to the other challenges, the privilege argument is too perfunctory to merit consideration. "The party asserting a privilege bears the burden of proving that it is applicable." *CNN Am., Inc.*, 352 N.L.R.B. 448, 448–49 (2008). Fresh & Easy's brief states only that the subpoena "could" produce privileged information without providing a single example of a privileged document that might be encompassed in the Union's request. This conclusory and speculative assertion is far from sufficient to establish a claim of privilege.

agency procedure.  This procedure safeguards the Board's ability competently and expediently to adjudicate disputes. That purpose would be frustrated were we to reach the merits of Fresh & Easy's challenge without a prior Board decision on that issue.  In light of these conclusions, we uphold the district court's order enforcing the subpoena.

**AFFIRMED.**